Trade Bond and Mortgage Company, Appellee, v. Max Schwartz and Yettie Schwartz, Appellants.

Gen. No. 40,775.

Heard in the first division of this court for the first district at the June term, 1939.  Opinion filed January 22, 1940.

LEVINSON & LEVINSON, of Chicago, for appellants; LOUIS E. LEVINSON, of Chicago, of counsel.

FRANCIS T. DELANEY, of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by Max and Yettie Schwartz from an order entered by the municipal court of Chicago that they transfer on the books of the Schwartz Fur Sales Corporation a share of stock which the Trade Bond & Mortgage Company purchased at bailiff's sale under an execution issued by the municipal court on a judgment entered against them. The order was entered on petition of the Trade Bond & Mortgage Company.

On September 26, 1932, the petitioner recovered a judgment against Max and Yettie Schwartz, who are husband and wife, he being the president and she the secretary of the Schwartz Fur Sales Corporation, which is an Illinois corporation. An execution was issued and returned no property found. An alias execution issued to the bailiff on March 25, 1938. Plaintiff obtained a writ of injunction or restraining order from the municipal court, restraining Max and Yettie Schwartz from divesting themselves of the ownership of this stock whether standing in their names or the names of any other for their benefit. The injunction was issued without bond for cause shown and without notice. The writ issued under the seal of the court in conformity with the order.

February 3, 1939, the Trade Bond & Mortgage Company filed its petition setting up due service of the restraining order, the levy of the bailiff made under an alias execution on the stock of Max Schwartz (and Max Schwartz not claiming it to be exempt), the advertisement of the same for sale by direction of plaintiff, plaintiff's purchase of it and demand upon Max Schwartz and Levinson, custodian of the stock certificate book, to transfer the same and their refusal to do so. The petition prayed a rule to show cause as for contempt might be entered.

Max Schwartz answered admitting other facts as charged but averring that the order for an injunction by the municipal court was void for want of jurisdic-

tion of the subject matter and the sale thereof invalid. Upon the hearing of this petition and answer the order appealed from was entered.

The sole question presented and argued is whether the municipal court of Chicago had the power and jurisdiction to enter the injunction order. At common law shares of stock in a corporation were not subject to execution. *Alexander for use of Tobey Furniture Co. v. Livestock Nat. Bank of Chicago,* 282 Ill. App. 315. In Illinois the statute has changed this rule and provides a mode by which the stock may be seized, sold and transferred (Smith-Hurd Ill. Ann. Stats., ch. 77, secs. 55–59, pp. 292–296 [Jones Ill. Stats. Ann. 107.205–107.209]). The Uniform Stock Transfer Act, adopted June 28, 1917 (Laws of 1917, p. 316, sec. 1, *et seq.;* Smith-Hurd Ill. Ann. Stats., ch. 32, par. 416, p. 648 [Jones Ill. Stats. Ann. 32.195]), contains further regulations. Sections 13 and 14 (Laws of 1917, p. 316; Smith-Hurd Ill. Ann. Stats., pars. 428, 429 [ch. 32; Jones Ill. Stats. Ann. 32.207, 32.208]) provide:

"No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined. Except where a certificate is lost or destroyed, such corporation shall not be compelled to issue a new certificate for the stock until the old certificate is surrendered to it." Laws of 1917, p. 319, sec. 13.

Section 429:

"A creditor whose debtor is the owner of a certificate shall be entitled to such aid from courts of appropriate jurisdiction, by injunction and otherwise, in attaching such certificate or in satisfying the claim by means thereof as is allowed at law or in equity, in regard to property which cannot readily be attached

or levied upon by ordinary legal process." Laws of 1917, p. 319, sec. 14.

The precise question here is whether the municipal court of Chicago, in a case where judgment and execution has been issued from that court, has power and jurisdiction to give aid by injunction as provided in sections 13 and 14. Schwartz says no and cites *Ptacek v. Coleman,* 364 Ill. 618; *Barry v. Knight,* 296 Ill. App. 277; *People ex rel. Dr. Pierre Chemical Co. v. Municipal Court of Chicago,* 297 Ill. App. 431. These cases in general hold that the municipal court of Chicago does not have general chancery powers. But that is not the question here. It is admitted that jurisdiction generally to issue injunctions as in chancery has not been granted. Notwithstanding, however, we hold that where an execution issues from the municipal court that court has power and jurisdiction to issue the injunction provided for in these sections of the Uniform · Stock Transfer Act. We reach this conclusion for several reasons.

First, the jurisdiction to enter the judgment and execution being conceded (and it is not here denied) this further jurisdiction is incidental and necessary. This is the general rule applicable to courts of record. The power of such a court to render judgment and issue process necessarily carries with it power and jurisdiction to make orders necessary to give effect thereto and render the judgment binding and operative. 7 R. C. L. sec. 63, p. 1034; 15 C. J., sec. 108, pp. 811–812. Upon this principle in *Phelps v. Mutual Reserve Fund Life Ass'n,* 112 Fed. 453, affirmed in 190 U. S. 147, 47 L. Ed. 987, 23 Sup. Ct. 707, it was held the court in order to prevent a foreign corporation from evading execution on a judgment, by withdrawing all its agents from the State and directing its policyholders to pay premiums at its home office, was justified and had jurisdiction to enter an order appointing a receiver for the foreign corporation.

In the second place, we think such power is by inference granted by the statute which vests the municipal court of Chicago with power of an equitable nature in supplementary proceedings designed to enable judgment creditors to reach the property of judgment debtors (Smith-Hurd Ill. Ann. Stats., ch. 37, par. 424 [Jones Ill. Stats. Ann. 108.092]). In *People v. Cohen,* 163 Ill. App. 115, it was held that the power there granted extended only to personal property. Shares of stock are personal property. In that case this court said that the jurisdiction of the municipal court in this respect "is referable solely to its jurisdiction to enter judgment in the principal case." In *Baronski v. Shust,* 218 Ill. App. 8, 11, this court said:

"The better reasoning supports the conclusion that the service of the summons in a supplementary proceeding on a third party does not create a lien on property or money in his possession in the absence of any order requiring such party to retain the same, pending disposition by the court."

The court also said the proceedings authorized by section 64 were "in the nature of a substitute for a creditor's bill." The necessary inference is that the court had power to enter an order requiring a defendant to retain property pending the decision of the court.

In the third place, we think such jurisdiction must be inferred from section 423 of the Municipal Court Act (Smith-Hurd Ill. Ann. Stats., ch. 37, sec. 423, pp. 442, 443 [Jones Ill. Stats. Ann. 108.091]). This section in substance provides that judgments, orders and decrees of the municipal court shall have the same force and effect and be executed and enforced in the same manner as the judgments, orders and decrees of the circuit court of Cook county, except as otherwise provided therein; that execution shall be directed to the bailiff, or if he is disqualified, to the sheriff of Cook county, and shall be a lien upon all the personal

property of the person against whom judgment is obtained, situated within the city of Chicago, from the time it is delivered to the bailiff or to the sheriff, to the same extent as an execution issued out of the circuit court of Cook county, and that it may be levied upon the property, real or personal, to the same extent as an execution issued out of the circuit court. We hold that the power and jurisdiction to enter the restraining order is necessarily incidental to the jurisdiction granted to the municipal court under this statute.

In the fourth place, we think that a proper construction of the language of sections 13 and 14 of the Uniform Stock Transfer Act must be held to vest such jurisdiction in the municipal court of Chicago. After providing in section 13 that a levy upon shares of stock shall not be valid until the certificate is actually seized or surrendered or its transfer by the holder enjoined, section 14 declares that a creditor whose debtor is the owner of a certificate shall be entitled to such aid "from courts of appropriate jurisdiction, by injunction or otherwise," etc. In what court did the legislature intend to vest such jurisdiction? If it had been the intention to limit the jurisdiction conferred to courts of chancery, we think the act would have said so. It does not use that phrase. It uses what we must regard as the wider term of "appropriate jurisdiction." What other court was intended to be included? We think, manifestly, the court in which judgment was entered and which would necessarily have control of its own process. These sections of the statute have never been construed in this State. The Supreme Court of New Jersey, in *Progressive Building & Loan Ass'n v. Rudolph,* 113 N. J. Law 204, 172 Atl. 884, in a case construing section 13 of the Uniform Stock Transfer Act, recognized an injunction by the law court in which the judgment had been rendered as sufficient. Therefore, in conformity with the rule that necessary

ancillary jurisdiction is granted by implication with jurisdiction expressly conferred; in view of the equitable powers expressly conferred by statute upon the municipal court of Chicago, as well as the jurisdiction conferred to enforce its own judgments at law, and in view of the language of section 14 of the Uniform Stock Transfer Act, we hold that the municipal court of Chicago is a court of ''appropriate jurisdiction'' within the meaning of section 14 of the Uniform Stock Transfer Act and had jurisdiction to issue the injunction order. The judgment will be affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.