C. C. Fenwick and Zula B. Davis, Plaintiffs-Appellees,
v. Blue Bird Coal Company, Defendant-Appellant.

Term No. 56–O–5.

Fourth District.

January 28, 1957.

Released for publication February 14, 1957.

Rumsey & Dennis, of Harrisburg, for defendant-appellant.

Arlie O. Boswell, Sr., of Harrisburg, for plaintiffs-appellees.

JUDGE CULBERTSON delivered the opinion of the court.

The plaintiffs, C. C. Fenwick and Zula B. Davis, filed an action as against defendant-appellant, Blue Bird Coal Company, a Corporation, and another coal company, Delta Collieries Corporation, to recover damages to growing timber upon the land owned by plaintiffs by reason of mineral impurities which plaintiffs contend were permitted to drain upon the premises of plaintiffs from the coal mines of defendants. It is asserted that as the result thereof timber owned by plaintiffs was killed.

In the trial, before a jury, the jury returned a verdict for plaintiffs and as against the defendant, Blue Bird Coal Company, in the sum of $3,000 in favor of Zula B. Davis, and $6,000 in favor of C. C. Fenwick. The Circuit Court of Saline County entered judgment on such verdicts and an appeal is taken to this Court from such judgments.

The complaint which was filed in this cause contended that the timber had died over a period of five years immediately prior to the time of the filing of the complaint, and that defendants permitted water from the mines which contained mineral impurities to be drained upon the land of plaintiffs by reason of which the timber was killed. A bill of particulars was filed in the case at the request of defendant, Blue Bird Coal Company, which stated that the plaintiffs claimed dam-

ages to the growing trees which had been killed and blighted by mineral impurities.

It is the contention of the defendant on appeal in this cause that plaintiffs are not entitled to recover, as a matter of law, and that the Court should have directed a verdict in favor of defendant, Blue Bird Coal Company on the theory that there was no evidence upon which a determination as to damages can legally rest. It is also contended that a new trial should be granted in any event because of errors in the trial of the cause arising from admission of improper evidence, on the failure of proof of damages, and in the giving of instructions, and on the ground that the verdicts were excessive.

It appears from the record that defendant, in 1939, constructed a coal washer and placed the washer in operation continuously after that time. While no coal was mined after May 3, 1949, nearly a quarter million tons of coal per year was washed at the plant after that. The coal was brought to the washer in railroad coal cars. There was evidence to the effect that the run-off water that drained from defendant's works into the drainage ditch to the west of defendant's works, drained into and upon the land of plaintiffs. There was evidence that the water was polluted and caused or contributed to the damage complained of.

 Every owner of land through which water flows either as surface water or in a stream, has the right to have the same flow in its natural state, which extends to the quality as well as the quantity of the water. One who pollutes or contaminates the water is liable to those injured thereby (Thomas v. Ohio Coal Co., 199 Ill. App. 50; Tetherington v. Donk Bros. Coal & Coke Co., 232 Ill. 522).

Defendant had offered in evidence a complaint filed by plaintiffs as against another Coal Company which had previously operated in the territory. In that com-

plaint the plaintiffs had alleged that the timber killed on their lands was of the value of $100.00 per acre. The complaint was introduced into evidence without qualification and read to the jury by the defendant. There was no instruction to the jury limiting the scope of such evidence or the purpose for which it was requested by the defendant. The jury consequently had the right to consider it for all purposes including, incidentally, the question of determining the value of the timber killed. Evidence which is competent for one purpose does not become incompetent because the jury might improperly consider it in some other capacity (Eizerman v. Behn, 9 Ill.App.2d 263; Dill v. Widman, 413 Ill. 448; Morris v. Central West Casualty Co., 351 Ill. 40). A sawmill man testified he purchased plaintiffs' timbers at a price of $1 per hundred, or $10 a thousand feet in the standing tree, which could be used for lumber. This amounted to 40,000 feet and was all of the available timber that could be used for lumber. The smaller trees not yet large enough for lumber could have a value for props, posts, and as a growing crop. While it is contended that the 170 acres of timber on the basis of the testimony of the sawmill man would come to a value of only $26⅔ per acre, or a total of $4,533⅓, and that consequently a verdict of $9,000 was excessive, a computation based upon the $100 per acre valuation (or if consideration were given to the smaller trees), the amount of damage would total in excess of the $4,500 figure, and conceivably, in excess of the total figure of $9,000 which the jury found as the amount of damages.

The Appellate Court, in Thomas v. Ohio Coal Co., supra, at page 56, stated that "the mere fact that the amount of damages may be difficult to ascertain is no reason why damages should not be allowed." In that case the particular damage done by specific oil companies could not be definitely ascertained as to their

exact extent. It is obvious that where parties are sued for contributive action in damaging a plaintiff's timber or land, where there is no concert of action, or action by so-called "joint tort-feasors," the action may be brought against each one separately for the damage caused by such particular defendant. While such damages may be difficult to ascertain the jury could measure the injury of each and make an estimate of the same.

■ ■ It is obvious that in the instant case there is sufficient evidentiary basis for the jury's verdicts, and that the motions for directed verdicts and for judgment notwithstanding the verdicts were properly denied (Weinstein v. Metropolitan Life Ins. Co., 389 Ill. 571). The jury and the Trial Judge who saw and heard the witnesses are in better position to judge of the truth of the matter in controversy than the Appellate Court on review (Allanson v. Frieder, 305 Ill. App. 232; Allen v. Chicago Transit Authority, 351 Ill. App. 194).

■ It is notable that in the case before us two juries found the issues the same way, and there is a second consistent verdict. A Court of Appeals should be slow to set aside a verdict of a second jury consistent with the original verdict which had been set aside prior to the retrial (Farr v. Chicago & E. I. R. Co., 8 Ill.App. 2d 168; Silberman v. Washington National Ins. Co., 329 Ill. App. 448).

■ A number of objections are made to instructions given in this case. Some of these objections were cured by the giving of like instructions by defendant, or eliminated by the giving of defendant's instructions covering issues omitted or not clearly expressed.

■ In connection with the issue of damages, the jury was clearly instructed that plaintiffs were limited to the damage to the growing trees upon the land of plaintiffs as shown by the evidence. There was no other damage requested in the pleadings. While the instruc-

469

tions objected to were general in nature, in light of all other instructions given, the jury could not have been misled by such instructions since no damages were claimed other than damage to growing trees.

As has been observed by our Supreme Court (People v. Storer, 329 Ill. 536, at 542, "The object of the review of judgments of Trial Courts by Courts of Appellate jurisdiction is, not to determine whether the record is free from error, but to ascertain whether a just conclusion has been reached, founded upon competent and sufficient evidence, in a trial in which no error occurred which might be prejudicial to the defendant's rights." We are much impressed by the fact that this is a second consistent verdict by a jury. The evidence clearly sustains the right of recovery, and while there is some difficulty in ascertaining the precise measure of damages, the verdicts are consistent with the evidence and are not excessive so as to justify a reversal.

The case has been fairly tried and accordingly should be affirmed.

Affirmed.

SCHEINEMAN, P. J. and BARDENS, J., concur.