Frank Larson, et al., and City of Rockford, a Municipal Corporation, Plaintiffs-Appellees, v. City of Loves Park, a Municipal Corporation, Defendant-Appellant, and Daniel Timmis, Mayor, C. E. Edwards, City Clerk, Marie Lauer, City Treasurer, and Illinois National Bank & Trust Co., of Rockford, a Corporation, Defendants-Appellees.

Gen. No. 11,841.

Second District.

May 6, 1964.

Harold H. Pahlas and Charles H. Davis, of Rockford (Harold H. Pahlas and Charles H. Davis, of counsel), for appellant.

Berry & Simmons, for Frank Larson, and Thomas P. Burns, William Collins and Lawrence J. Ferolie, all of Rockford, for City of Rockford, appellees.

ABRAHAMSON, P. J.
This is a complaint for a declaratory judgment that the Ordinance of the City of Loves Park providing

for the refunding of Toll Bridge Revenue Bonds, dated November 26, 1962, is void, that any refunding bonds issued thereunder be declared invalid, that the Mayor, City Clerk and Treasurer of said city be enjoined from issuing bonds under said ordinance, and that the Illinois National Bank & Trust Co. of Rockford, Illinois, be restrained from acting as depositary thereunder.

The complaint was filed January 30, 1963. On February 4, 1963, the Defendant, Loves Park, repealed the ordinance adopted November 26, 1962, providing for the issuance of refunding bonds.

Loves Park with the consent of Rockford enacted an ordinance February 16, 1953, to construct a Toll Bridge across the Rock River from Loves Park to Rockford, the construction costs to be borne from the proceeds of the sale of Bridge Revenue Bonds pursuant to chapter 24, article 27(a), Illinois Revised Statutes of 1951. The ordinance provided for the issuance of Bridge Revenue Bonds in the amount $1,150,000 with interest at $4\frac{1}{4}\%$ payable semiannually commencing August 1, 1954, the last maturity thereof to be February 1, 1993. Tolls were set by Loves Park and at the time of the filing of the complaint herein the bond issue had been reduced to approximately $390,000 from the revenue received from the Toll Bridge.

The parties hereto concur that upon the repeal by Loves Park of the ordinance of November 26, 1962, authorizing the issuance of Refunding Bonds that the question of the invalidity of the Refunding Bridge Bond Ordinance became moot. A reviewing court will normally not consider moot questions. Maywood Park Trotting Ass'n, Inc. v. Illinois Harness Racing Commission, 15 Ill2d 559, 155 NE2d 626.

When the matter came on to hearing, conferences were held between the trial judge and the attorneys wherein the trial judge, in an effort to anticipate the

revenue to be received, together with the funds on hand in the depositary, the Illinois National Bank & Trust Co. of Rockford, sought to allocate funds and make distribution for the redemption of the outstanding original bond issue. A judgment and decree was entered, the substance of which provided that the bonds issued shall be retired and $26,000 paid by the depositary to Loves Park for costs and expenses of converting the Toll Bridge to a free bridge.

There is no allegation in the complaint nor were any proofs adduced which indicate that the depositary or Loves Park, from the inception of the bond issue to current date, have misapplied or misappropriated funds in any way, and therefore, it must be assumed that the retirement of the bond principal from $1,150,000 to $390,000 was pursuant to the original Ordinance and Depositary Agreement.

■ ■ The Plaintiffs contend the conferences with the trial judge resulting in the entry of the judgment and decree herein invited and induced the trial court to commit error, citing City of Waukegan v. Stanczak, 6 Ill2d 594, 608, 129 NE2d 751, and others. An examination of the abstract and the record discloses counsel for the Defendants had no other course to follow; that the trial judge initiated the proceedings which resulted in the judgment and decree and that defense counsel followed the instructions of the court. The judgment and decree reveals an anticipatory violation of the provisions of the original Revenue Bond Issue and Depositary Agreement which cannot be sustained. It is fundamental that a judgment order must be supported by allegations in the complaint as well as by evidence. Abbate Bros., Inc. v. City of Chicago, 11 Ill2d 337, 142 NE2d 691 and Stowell v. Satorius, 413 Ill 482, 109 NE2d 734. The judgment and decree did not meet this test. In addition, we think the situation presented by this appeal calls for application of the

well established rule that the duty of courts is confined to consideration of actual controversies. Northtown Bank of Decatur v. Becker, 45 Ill App2d 112, 195 NE2d 404.

The judgment and decree of the Circuit Court of Winnebago County is reversed.

Judgment reversed.

CARROLL and MORAN, JJ., concur.