Lenora P. Weaver, Plaintiff-Appellant, v. Jurl Delbert Bolton and Thomas A. Andrew, Defendants-Appellees.

Gen. No. 64–153. ·

Second District.

July 9, 1965.

Guyer & Enichen, of Rockford, for appellant.

Maynard & Maynard, of Rockford (James F. Maynard, of counsel), for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

This suit arose out of injuries sustained by the plaintiff, Lenora P. Weaver, as a result of an accident involving three cars: that of the plaintiff, the defendant, Jurl Delbert Bolton, and the defendant, Thomas A. Andrew. The jury returned two separate verdicts in favor of the plaintiff; one against the defendant, Bolton, in the sum of $20,000, and the other against the defendant, Andrew, in the sum of $10,000. The trial court entered separate judgments on these verdicts in the respective amounts returned by the jury.

The plaintiff had also sued the Guisseppi Verdi Society of Rockford under the Dram Shop Act charging that the club had caused the intoxication of the defendant, Bolton. Prior to the trial of the case at bar, the plaintiff settled the dramshop suit and received $8,000 for a covenant not to sue. It is admitted that all parties were aware of this settlement—at least by the time of the trial of this case.

The defendant, Andrew, filed a post-trial motion seeking relief from the verdict and judgment as to him but therein made no reference to the dramshop settlement. After the trial court denied the post-trial motion and after more than thirty days had elapsed

101

from the date the separate judgments were entered on the verdicts, the defendant, Andrew, filed a petition which, as finally amended, prayed for credit on the judgment against him in the amount of $8,000, being the sum received by the plaintiff from the dramshop suit settlement. In this petition the defendant, Andrew, for the first time advised the trial court of the settlement received by the plaintiff from the dramshop settlement. The trial court ultimately entered an order crediting said $8,000 payment on the $10,000 judgment against the defendant, Andrew.

No appeal was taken by either of the defendants from the respective judgments entered against them, the sole appeal being that of the plaintiff from the order crediting said $8,000 on the judgment against the defendant, Andrew. The plaintiff raises three principal contentions:

(1) That defendant's petition was a petition under Section 72 of the Civil Practice Act and should have been dismissed as being based upon facts known to the defendant prior to judgment;

(2) That the order on the petition was "stillborn" in that the defendant offered no proof to sustain the allegations of his petition; and

(3) That the $8,000 payment from the dramshop settlement was based upon the intoxication and negligence of Bolton and the injuries resulting therefrom, and not upon the acts of Andrew and the injuries resulting from his conduct.

Andrew is the only defendant involved in this appeal, and henceforth herein we will refer to him as "defendant."

As to the first contention, the defendant suggests that his petition is, in effect, a motion filed within

102

thirty days after judgment. This argument is based upon the position that a motion filed within thirty days after the denial of a post-trial motion for judgment notwithstanding the verdict and for other relief, is a motion made within thirty days after final judgment. Under this contention, the date of the entry of the order denying the post-trial motion, rather than the date of the entry of the original judgment, governs with reference to the finality of judgment as prescribed in sections 1, 2 and 3 of an Act in relation to final judgments. (Ill Rev Stats 1963, c 77, pars 82, 83 and 84.)

■■ Suffice it to say, that neither the cases cited by the defendant nor the logic employed to arrive at this conclusion support his contention. The post-trial motion filed within thirty days after final judgment and heard within said period or thereafter, does not give rise to the right to file successive motions made within thirty days after each subsequent ruling thereon. The authority of the trial court to alter its own judgments is a question of jurisdiction or power and not a question of practice or procedure. The Civil Practice Act does not purport to broaden or alter the jurisdiction of the trial court after final judgment or decree.

■■ The jurisdiction or power of the trial court to modify, set aside or vacate its final judgment or order is governed by sections 1 through 3 of an Act in relation to Judgments, supra. Under these provisions, a final judgment may be modified or vacated by a motion filed within thirty days after its rendition to the same extent it could have been modified under prior law at the same term. (Par 83.) After the expiration of thirty days, a final judgment may be modified, set aside or vacated to the same extent and by the same modes of proceeding as were previously available after the expiration of the term. (Par 84.)

103

Trupp v. First Englewood State Bank of Chicago, 307 Ill App 258, 265, 266, 30 NE2d 198 (1st Dist 1940). The various modes of proceeding after the expiration of thirty days are now combined in one simple remedy under section 72 of the Civil Practice Act. Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294 (1960).

It cannot seriously be contended that the separate judgments entered by the court on the verdicts, was not an absolute disposition of the case, or was not "final in its nature" as provided in section 82 of the Judgments Act. Nor is there anything in this Act to justify the assumption that one may file a motion to modify a judgment within thirty days after the court's ruling on a previous motion directed to the modification of the same judgment. Carried to its illogical conclusion, this might continue ad infinitum. The fact that a post-trial motion filed within thirty days stays the execution or suspends the operation of a final judgment, and that the appeal time does not begin to run until the motion is disposed of, does not alter the final nature of the judgment or the time limitation prescribed in the Judgments Act.

The defendant suggests that Calumet Fed. Sav. & Loan Ass'n of Chicago v. Markman, 50 Ill App2d 430, 200 NE2d 419 (1st Dist 1964) holds to the contrary and is controlling here. In that case the court based its holding, however, on the fact that the foreclosure decree was not a final and appealable order; and that the order approving the master's report was the final order in a foreclosure suit. There can be no question in the case at bar that the separate judgments entered by the court on the verdicts—not the order on the post-trial motion—were the final judgments. Our holding is not inconsistent with the Calumet case.

The plaintiff contends that under section 72 relief may not be granted to defendant upon facts

either known to the party prior to judgment, or which in the exercise of due diligence should have been known to him prior to judgment. Many cases so hold. The People v. Lewis, 22 Ill2d 68, 70, 71, 174 NE2d 197 (1961); Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294 (1960); Trupp v. First Englewood State Bank, of Chicago, 307 Ill App 258, 266, 30 NE2d 198 (1st Dist 1940). The cases state generally, that a litigant may neither use the provisions of section 72 to relitigate matters, nor to relieve such party of the consequences of his own mistake or negligence. It must be shown that the failure to present a fact in apt time was through no fault of the party seeking relief under section 72. The defendant knew of the settlement in the dramshop litigation before judgment was entered herein. He did not, however, advise the court of this settlement until after the court's ruling on his post-trial motion. Consequently, we do not recognize defendant's petition as proper under section 72.

██ This does not mean, however, that the trial court was without jurisdiction to hear such petition. It had authority to make such orders and issue writs as were necessary to carry its judgments into effect and to render them operative. This power continued in the court until its judgments were satisfied, and the present proceeding pertained to the satisfaction of these judgments rather than their modification as that term is generally understood. Many such questions arise subsequent to judgment in which jurisdiction is to be exercised.

Such judicial power has long been recognized. In Virginia v. West Virginia, 246 US 565 (1917), at page 591, the court stated: "That judicial power essentially involves the right to enforce the results of its exertion is elementary." The following cases were cited in support of this doctrine: Wayman v. Southard, 10

105

Wheat 1, 23 (1825); Bank of the United States v. Halstead, 10 Wheat 51, 57 (1825); Gordon v. United States, 117 US 697, 702 (1864).

In Trade Bond & Mortgage Co. v. Schwartz, 303 Ill App 165, 24 NE2d 892 (1st Dist 1940), at page 169 the court stated:

"The precise question here is whether the municipal court of Chicago, in a case where judgment and execution has been issued from that court, has power and jurisdiction to give aid by injunction as provided in sections 13 and 14. Schwartz says no and cites Ptacek v. Coleman, 364 Ill 618; Barry v. Knight, 296 Ill App 277; People ex rel. Dr. Pierre Chemical Co. v. Municipal Court of Chicago, 297 Ill App 431. These cases in general hold that the municipal court of Chicago does not have general chancery powers. But that is not the question here. It is admitted that jurisdiction generally to issue injunctions as in chancery has not been granted. Notwithstanding, however, we hold that where an execution issues from the municipal court that court has power and jurisdiction to issue the injunction provided for in these sections of the Uniform Stock Transfer Act. We reach this conclusion for several reasons.

"First, the jurisdiction to enter the judgment and execution being conceded (and it is not here denied) this further jurisdiction is incidental and necessary. This is the general rule applicable to courts of record. The power of such a court to render judgment and issue process necessarily carries with it power and jurisdiction to make orders necessary to give effect thereto and render the judgment binding and operative."

Also see James v. Grand Trunk Western R. Co., 14 Ill2d 356, 368, 152 NE2d 858.

106

■■■ In the case at bar, it was the function of the trial court, after said respective judgments were entered and became final, to determine the amount by which the judgment, or respective judgments, should be reduced because of the sum received by virtue of the settlement of the dramshop suit and the issuance of the covenant not to sue. If the negligence of the defendants in this case and of the defendant in the dramshop action had resulted in a single, indivisible injury to the plaintiff, wherein the damages were inseparable, then the amounts received from any of said defendants must be deducted from the total damages sustained. De Lude v. Rimek, 351 Ill App 466, 470–472, 115 NE2d 561 (1st Dist 1953). Compare Manthei v. Heimerdinger, 332 Ill App 335, 351, 353, 75 NE2d 132 (2nd Dist 1947). Also, if the defendants had acted in concert to produce a single and indivisible injury, then the jury should not have apportioned the damages and should not have assessed them severally. Schwehr v. Badalamenti, 14 Ill App2d 128, 134, 143 NE2d 558 (4th Dist 1957); Michels v. Bezley, 12 Ill App2d 456, 459, 140 NE2d 134 (2nd Dist 1957); 34 ILP Torts, sec 8, p 361.

■■ It is only where the defendants have not acted in concert and have caused separate and distinct injuries that the damages are apportioned. In such a case each defendant is liable only for the damages he caused. Fenwick v. Blue Bird Coal Co., 12 Ill App2d 464, 469, 140 NE2d 129 (4th Dist 1957); Christie v. Sanitary Dist. of Chicago, 256 Ill App 63, 83 (3rd Dist 1930); Willard v. Red Bank Oil Co., 151 Ill App 433, 436 (4th Dist 1909).

The defendant asserts that the plaintiff suffered an indivisible injury and the amount received from the dramshop settlement must thus be credited on the judgment against him. He suggests that since the trial court in its order on defendant's petition found

107

that the injuries claimed by the plaintiff in the dram-shop settlement "were the same injuries" claimed in this suit and the record herein does not include a report of proceedings, that such findings cannot be reviewed. However, a stipulation is filed herein stating that no testimony or evidence was introduced at the hearing on defendant's petition. The order itself states that the matter was heard solely on the affidavits attached to the petition and answer thereto, the arguments of counsel and the trial briefs presented, but such affidavits do not pertain to the nature of the injury sustained.

█ █ While defendant's petition alleged that the plaintiff suffered a single, indivisible injury, this was denied by the plaintiff in her answer to said petition, and the defendant thus had the burden of establishing this fact by competent evidence. Larson v. City of Loves Park, 48 Ill App2d 191, 193, 198 NE2d 525 (2nd Dist 1964); Abbate Bros., Inc. v. City of Chicago, 11 Ill2d 337, 346, 142 NE2d 691 (1957). The record affirmatively shows that the finding of the trial court was without benefit of evidence. The finding not only is not binding upon us, it cannot be affirmed by us. Larson v. City of Loves Park, supra; Abbate Bros., Inc. v. City of Chicago, supra; Stowell v. Satorius, 413 Ill 482, 490, 190 NE2d 734 (1953).

The defendant points out that "the trial court presided at the trial of the damage suit and presumptively was fully cognizant of the evidence adduced at said trial touching upon the injuries claimed by the plaintiff." We are aware of this fact, but this does not relieve the defendant of the burden of establishing, by a preponderance of the evidence, the allegations of his petition in this proceeding. Larson v. City of Loves Park, supra.

█ Neither the defendant in this proceeding, nor Bolton, who was also a defendant in the original suit,

saw fit to appeal from the judgments entered by the trial court, and we are not informed how the trial court may have determined that the separate judgments were proper. However, we may not presume that these judgments were erroneous and not in accordance with the facts or the law; in fact, our presumption must be that the judgments not appealed from were correct. People ex rel. City of Rockford v. City of Loves Park, 47 Ill App2d 286, 292, 198 NE2d 133 (2nd Dist 1964). If there were error in these judgments, that error could have been challenged by defendant on appeal. But defendant did not appeal from the judgments which he now challenges.

 We must, therefore, presume that there was evidence before the court that the injuries sustained were separate and divisible and that it was, therefore, appropriate for the trial court to enter the separate judgments in the respective separate and different amounts. Alton Banking & Trust Co. v. Gray, 347 Ill 99, 107, 179 NE 469 (1932); 18 ILP (Evidence), section 26, p 161. Indeed, this appears to have been the opinion of the court, according to the statements made by the plaintiff in her affirmative defense to the petition, to which no reply was filed.

The plaintiff there asserted that she sought to add a count to her complaint alleging that defendants, Bolton and Andrew, were joint tort-feasors and asking for a joint and separate judgment; that defendant Andrew objected to adding such count on the ground that the negligence, if any, was separate and the injuries distinct and separate; that the trial court sustained the objection and denied plaintiff leave to file the additional count; that at the close of the evidence, plaintiff tendered an instruction providing that the jury could not allocate the damages between the defendants; that defendant, Andrew again objected on the ground that there was evidence in the case of

separate and distinct injuries to plaintiff; and that the court refused to give the instruction.

██ ██ If the jury erred in returning separate verdicts and the court erred in entering separate judgments thereon, such error was induced by the defendant. He could not have taken advantage of any such error in a direct appeal from the judgment entered in the original proceeding and he cannot benefit by such induced error herein. City of Waukegan v. Stanczak, 6 Ill2d 594, 608, 129 NE2d 751. Therefore, we can assume that there were separate and distinct injuries. As the dramshop litigation relates only to the injuries caused by Bolton, and not to the injuries caused by the defendant, Andrew, the latter may not obtain the benefit of any sums paid the plaintiff in the dramshop settlement. See Valentine v. Peiffer, 53 Ill App2d 477, 481–484, 203 NE2d 179. (4th Dist 1965).

The order of the trial court allowing a $8,000 credit on the judgment in the sum of $10,000 against the defendant, Andrew, is accordingly reversed and the matter remanded, with directions that execution issue on the judgment entered on March 27, 1964, against the defendant, Thomas A. Andrew, in the sum of $10,000.

Reversed and remanded.

ABRAHAMSON, P. J. and MORAN, J., concur.