THE CITY OF PERU, Plaintiff-Appellee, *v.* EUGENE BERNARDI *et al.*, Defendants-Appellants.

Third District   No. 75-328

Opinion filed October 28, 1976.

Larry Hofreiter, of Ottawa, for appellants.

Helmig & Helmig, of Peru (Charles W. Helmig, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendants, Eugene and Theresa Bernardi, appeal from a judgment of the circuit court of La Salle County ordering demolition of a building unless the defendants made certain repairs on the structure.

The City of Peru filed a complaint against the defendants alleging that a vacant building commonly known as the Peru Hotel was an unsafe building in violation of the city's ordinance No. 1773. This ordinance was passed under the authority of section 11—31—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—31—1). Plaintiff's complaint asked that the defendants repair certain dangerous defects in the hotel and, if the repairs would not conserve the value of the building, that the hotel be demolished.

The deficiencies in the hotel's structure are a consequence of a fire in October 1972 which seriously damaged the hotel. During the time between the fire and the filing of the complaint, defendants did not undertake to restore the building to a useable condition, either as a hotel or to some other use. A notice to remedy dangerous defects was given to the defendants on November 8, 1973, and a list of the alleged dangers, as determined by plaintiff's superintendent of public works, was also served upon the defendants. After the filing of the city's complaint on January 18, 1974, the defendants answered by admitting to receiving notice from the plaintiff but denying that plaintiff was entitled to an order for the repair and demolition of the building. The case was tried before a judge and an order entered on July 9, 1975. On July 14, 1975, the order of July 9 was

amended by stipulation of the parties and required the defendants to file with the circuit clerk certain plans, specifications and other documents regarding repairs of the hotel's defects. If the defendants failed to comply with the filing requirements of the order by August 8, 1975, the plaintiff would be entitled to demolish the building and have a lien on the premises for its expenditures. Subsequent to filing a notice of appeal, another fire occurred. The building was demolished by plaintiff's contractor in September 1975, almost two years after the defendants received the initial notice to remedy a dangerous condition.

■■ Defendants allege that the City of Peru failed to comply with its own ordinance by failing to sufficiently detail the defects in the building and thereby enable the defendants to know precisely what repairs were required to place the building in compliance with the ordinance. We need not decide whether the content of the notice was sufficient to apprise defendants of the structure's defects, since defendants failed to object to the notice in the trial court. In *City of Chicago v. James E. Mulligan Enterprises, Inc.*, 27 Ill. App. 2d 481, 170 N.E.2d 13, the court found that even though the sufficiency of notice was raised by the pleadings, the issue could not be urged as error on appeal. The defendant in *Mulligan* had failed to raise the point at any time after the pleadings, either during trial, in a motion for a new trial, or in the petition for rehearing and to vacate the decree. As a result, the court reasoned that the issue of sufficiency of notice could not properly be argued as error on appeal. In the instant case, the alleged defects in the notice were raised, if at all, in defendants' petition to vacate filed on August 8, 1975. The presentation of an issue at such a late juncture is inadequate to preserve the issue for appeal.

■■ Defendants urge that the trial court erred in denying defendants' petition to vacate the order of July 14, 1975, as amended, because the order violated defendants' right to due process and was an unreasonable infringement upon defendants' constitutional right to privacy. We decline to examine the merits of either contention. The original order was entered on July 9, 1975. On July 14, 1975, both parties stipulated to certain modifications of the order. At this time, the defendants did not make any further objection to the form or content of the order or urge that the order was in violation of certain constitutional rights. Defendants are estopped by their own actions from raising such an issue before this court of review. (See *City of Waukegan v. Stanczak*, 6 Ill. 2d 594, 129 N.E.2d 751; *Weaver v. Bolton*, 61 Ill. App. 2d 98, 209 N.E.2d 5.) It is apparent from defendants actions that they were aware of certain insufficiencies in the original order of July 9 and sought to correct them by stipulating with the plaintiff as to the modifications to be made, modifications which the court accepted in amending the original order on July 14. The record evidences

no suggestion that at this juncture the defendants felt the order was improper in any other way. Indeed, it appears that the defendants were well aware of the obligations imposed in the order of July 9 and sought only to clarify the exact extent of those obligations in stipulating to the amendment of July 14, 1975. By our refusal to examine the issue on the merits, we do not intend to imply that it does in fact have merit.

■■ Defendants complain that the trial court's decision is against the manifest weight of evidence. Four experts examined the building on behalf of the plaintiff to ascertain what deficiencies existed in the building's structure. While these experts did not testify at the trial, it was stipulated by both parties that the experts' reports would be introduced into evidence in lieu of their testimony. Defendants' only evidence was the testimony of one of the defendants. Counsel for defendants presented no expert witnesses to sustain their assertion that the building was not beyond repair. Indeed, by stipulating that the reports of plaintiff's experts would serve as their testimony, defendants did not even attempt to cross-examine plaintiff's witnesses as to correctness of their findings. We have examined the reports considered by the court and, without reciting the contents of each, we believe that the decision of the trial court was amply supported by the evidence. There is little if any evidence in the record to justify defendants' assertion that the building could be returned to a useable condition. *City of Aurora v. Meyer*, 38 Ill. 2d 131, 230 N.E.2d 200, cited by defendants, sets out a sound rule of law, but contrary to defendants' contentions, the requirements of that rule have been fully met.

■■ Defendants contend that the trial court erred when it quashed defendants' first report of compliance filed pursuant to the order of July 14. The order of that date set out what defendants must do by August 8 to prevent the demolition of the building. Defendants were to file with the clerk of the court the following: (1) A plan for repair of the premises, prepared by an independent contractor or architect, showing all steps to be taken to place the building in compliance with the ordinance; (2) Said plan shall also contain a certificate of probable costs of the improvements; (3) The necessary permits shall be obtained from the city and filed with the clerk of the court; (4) A certificate of financing showing adequate financing for the improvements shall be filed with the clerk of the court; (5) Executed contracts for the repair of the building shall be filed with the clerk of the court. Upon examining the defendants' first report of compliance, there is nothing to indicate that defendants complied with *any* of the five requirements set forth above. Each requirement was properly designed to insure that the repairs would be made promptly. The trial court correctly determined that defendants dilatory attempts to satisfy the order were insufficient and we will not disturb its ruling.

■■ Lastly, defendants contend that the fire that occurred after the filing of the notice of appeal, entitled them to have the judgment reversed with an order that the trial court vacate the judgment. After this fire had occurred, defendants proper course of action should have been to apply to the trial court under section 72 of the Illinois Civil Practice Act and not to seek relief in this court. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) Without the benefit of a factual foundation presented in a trial court setting, we are ill-equipped to deal with the issue.

For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.