Hollis R. Warren, Individually and as Executor of Last Will and Testament of Anne E. Lewis, Deceased, et al., Appellees, v. Warren McRoberts et al., Appellants. Nettie J. Young, Appellee.

Gen. No. 9,786.

at the May term, 1942.

Heard in this court
Opinion filed August 21, 1942.

HAROLD E. WILSON, of Muscatine, Iowa, and HUBER & REIDY, of Rock Island, for appellants; HAROLD E. WILSON, of Muscatine, Iowa, and ALBERT HUBER and ISADOR I. KATZ, both of Rock Island, of counsel.

S. E. & GEO. D. LONG, of East Moline, and BELL, FARRAR & SCOTT, of Rock Island, for appellees; S. E. LONG, of East Moline, and EARL L. SCOTT, of Rock Island, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

Anne E. Lewis died January 18, 1940 leaving an estate of approximately $150,000. Hollis R. Warren, individually, and as executor of the last will and testament of Anne E. Lewis, deceased, et al., filed a suit in the circuit court of Rock Island county, Illinois, asking for a construction of the 5th clause or that part of the will of Anne E. Lewis, deceased, which disposes of the residue of her estate. The said 5th clause of the will is as follows: "Fifth: I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and nature and wheresoever situated, to my following nieces and nephews living at the time of my death and the then living issue of any of my deceased nieces or nephews per stirpes and not per capita, to-wit: Myra L. Porter, Emma Fisk, Minnie G. Mitchell, Nettie J. Young, Burton Bowles, Belle Smith, Ethel Skinner, Grace Crawford, Hattie Baxter and Hollis R. Warren, share and share alike, to have and to hold the same as their absolute estate forever." The ten nieces and nephews named in the 5th paragraph of said will are all the nieces and nephews of

the said testatrix who were living at the time she made her will. Myra L. Porter died before the death of the testatrix, leaving a daughter, Jessie Bliss, one of the plaintiffs. Hattie Baxter was also deceased at the time of the death of the testatrix, but left no issue. Hollis R. Warren, named in said paragraph, is a nephew and also the executor of the last will and testament of Anne E. Lewis, deceased. The plaintiffs in the circuit court were Jessie Bliss, Hollis R. Warren, individually, and as executor, etc., Emma Fisk, Minnie G. Mitchell, Burton Bowles, Belle Smith, Ethel Skinner, and Grace Crawford. Nettie J. Young, one of the nieces mentioned in the will, was made a party defendant, although her interest was the same as the other nieces and nephews named by the testatrix in the said will. Nettie J. Young died after a decree was rendered in the circuit court, and before notice of appeal was served. The administrator of her estate was substituted a party to the litigation.

Surviving at the time of the death of testatrix were the defendants, Warren McRoberts, Charles McRoberts, Mildred Wurster and Morris Warren, the issue of a deceased niece, and a deceased nephew of the testatrix, which deceased nephew and deceased niece were not living at the time of the death of the testatrix, nor at the time of the making of her will, and are not among the ten nieces and nephews named in said 5th paragraph thereof. The contention of the plaintiffs is that only those nephews and nieces who are named in said 5th paragraph of the will, and who survived the testatrix, or the surviving issue of any of said named nieces or nephews who did not survive the testatrix participated in the estate under said 5th paragraph of the will. The defendant, Nettie J. Young, joined with the plaintiffs in this contention. The other defendants contend that under said 5th paragraph, the residuary estate goes to all the ten nieces and nephews named in said 5th paragraph,

who had survived the testatrix, and the issue surviving the said testatrix, of any deceased nieces or nephews of the testatrix whether named in said 5th paragraph or not.

To the complaint, the defendants filed their answer and admitted there was a dispute as between the parties, as to the proper construction to be given to the fifth paragraph of the will in question, but denied that the plaintiffs were entitled to have the will construed, as prayed for in their bill of complaint. The defendants also filed a counterclaim stating practically the same facts, as in the bill of complaint, but setting forth their claim as to how the 5th clause of the will should be construed.

The court, after hearing some evidence, entered a decree construing the will in favor of the original complainants, that is, ''That the intention of the testatrix Anne E. Lewis expressed in the Fifth item or paragraph of said last Will and Testament is that the remainder of her estate and property, after the payment of debts and specific legacies otherwise provided for in said Will should be divided equally among those members of a class consisting of Myra L. Porter, Emma Fisk, Minnie G. Mitchell, Nettie J. Young, Burton Bowles, Belle Smith, Ethel Skinner, Grace Crawford, Hattie Baxter and Hollis R. Warren, her nieces and nephews living at the time of the execution of said last Will and Testament, who should survive her, but with the further provision that in the event that any of her said nieces and nephews, who were living at the time of the execution of said Will and named therein, should precede her in death leaving issue surviving who should survive the testatrix, that such issue should take the share of the deceased parent by representation and that the executor should reduce all of her property to cash for the purpose of distribution. It was further ordered, adjudged and decreed by the Court that in making distribution of the re-

mainder of the estate of said Anne E. Lewis, deceased, passing under and to be distributed in accordance with the item or paragraph of said Will numbered 'Fifth' the plaintiff Hollis R. Warren shall pay and deliver over to the plaintiffs Emma Fisk, Minnie G. Mitchell, Jessie Bliss, Burton Bowles, Belle Smith, Ethel Skinner and Grace Crawford and to the defendant Nettie J. Young each an undivided one-ninth part thereof and shall pay over to himself or retain for his own individual use and benefit the remaining one-ninth part thereof."

The court also found that the relief prayed for by the defendants in their counterclaim is for a construction of the same last will and testament that the original complaint prayed for, and that the relief for which the defendants would be entitled to, could be obtained under the original bill without the filing of a counterclaim, and that said counterclaim should be and was stricken.

It is from the decree construing the will and dismissing the defendants' counterclaim, that they have perfected an appeal to this court. It is assigned as error by the appellants that the court erred in striking their counterclaim from the files. It is admitted that there was a dispute between the appellees, and the appellants as to the proper construction to be placed upon the will of Anne E. Lewis, deceased. According to the case of *Daly v. Daly*, 299 Ill. p. 268, it is stated that where a defendant relies on his answer alone, he can use the equity of his case only for the purpose of defense, but if he wishes an affirmative relief with reference to the subject matter of the original bill, he must file a cross bill. In the present case, the defendant asked for a different construction of the will from that of the plaintiffs' bill of complaint. In striking the cross complaint in this case, it was harmless error, because we think that the court properly decided the case in favor of the appellees.

Our courts have repeatedly announced that the primary purpose in the construction of wills is to arrive at and give effect to the intention of the testator as expressed in the will. All rules of construction are designed to ascertain and give effect to this intenttion. The intention of the testator is to be gathered from the words of the will itself, as applied to the subject matter and read in the light of surrounding circumstances. The intention of the testator is to be gathered from all of the provisions of the instrument taken together, rather than from any particular form of words. All parts of a will must be construed and interpreted together as a whole, and all words employed must be given some effect, if possible. *Waxenberg v. Brown*, 299 Ill. App. 225; *Fierke v. Elgin City Banking Co.*, 366 Ill. 66.

The testimony introduced in evidence seems to us to have little, if any bearing, upon the case. The will must speak for itself, and there is nothing to aid us in the interpretation of the language employed by the testatrix, or the surrounding circumstances proven on the trial. To ascertain the intent of the testatrix, we must therefore look only to the language employed by the testatrix in the 5th paragraph of her will.

It will be observed that the testatrix used the words, "to my following nieces and nephews living at the time of my death, and the then living issue of any of my deceased nieces or nephews per stirpes and not per capita to-wit," and then names certain of her nieces and nephews. So far as the interpretation of the language in the will is concerned, the words "per stirpes" and not "per capita" could be omitted. If the contention of the appellants is correct in their interpretation of this language, it seems to us that we would have to ignore entirely the names of the enumerated nephews and nieces in the will. It cannot be successfully contended that the word "to-wit"

before the names of the beneficiaries could change the meaning of the will. In the case of the *People v. Nordheim,* 99 Ill. 553, the petitioners filed a suit for mandamus to compel election commissioners to sign a certificate of election. The statute at that time provided that such a certificate or statement should be signed, and stated that said statement should be in the following form ''to-wit,'' then followed the form of certificate to be used in authenticating the returns of the election. The Supreme Court, in discussing what the word to-wit meant in the sense it was used in the statute, is, ''that is to say.'' The testatrix, in using the word to-wit in her will, evidently meant to use it in this sense, that is to say the nephews and nieces named in the will, were the ones to share in her estate.

In the case of *J. R. Kilgore & Son v. Shannon & Co.,* 6 Ala. App. 537, 60 So. 520, the court of appeals of the State of Alabama, in discussing what the word to-wit meant uses this language: ''We have frequently referred to the fact that the true meaning of a word can only be determined by the context. The phrase 'to wit,' as used in legal documents, is a phrase which is illustrative of the above truism. In pleading its office is to state time, place, numbers, or manner, which are not of the essence of the matter in issue, so that they may not be proved strictly as laid. *Brown v. Berry,* 47 Ill. 175; *State v. Heck,* 23 Minn. 549; *Sullivan v. State,* 67 Miss. 346, 7 South. 275; 8 Words and Phrases, 6992. When not used in pleading for the above purpose, the general office of the phrase 'to-wit' seems to be 'to particularize what is too general in a preceding sentence, and render clear, and of certain application, what might seem otherwise doubtful or obscure; words used to call attention to a more particular specification of what has preceded.' 38 Cyc. pp. 591, 592. In pleading, except when used to designate time, place, numbers, or manner, the above

definition quoted from 38 Cyc. seems to be the appropriate office of the phrase.

"When used other than in pleading, the universal meaning accorded to the phrase seems to be 'to render clear, certain, and specific' that which has preceded its use, whether the matter referred to be one of place, time, manner, or an actual existing thing."

We think that when the testatrix used the word "to-wit" before she named the nephews and nieces in her will, she indicated her intention to render clear and certain and make specific the nephews and nieces that she intended to share in the distribution of her estate.

It is our conclusion that the trial court properly construed the will in question, and the decree of the trial court appealed from should be affirmed.

*Decree affirmed.*