HCT CORPORATION, Plaintiff-Appellee, *v.* SOUTHGATE VILLAGE, INC.,
Defendant-Appellant.

Second District   No. 79-101

Opinion filed February 27, 1980.

Jerrold R. Beger, of Schirmer, Schirger, Graff & Beger, of Rockford, for
appellant.

Thomas D. Luchetti, of Miller, Hickey & DeBruyne, of Rockford, for
appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of
the court:

In issue in this appeal is whether a judgment of the trial court in a forcible entry and detainer action awarding both possession and purporting to forfeit an installment contract for the purchase of the land, is void for lack of jurisdiction.

The contract seller, HCT Corporation (HCT), brought a forcible entry and detainer action against the successor-purchaser under an installment contract, Southgate Village, Inc. (Southgate), to recover possession of an apartment project. The contract, entered into in 1975, was for a purchase price of $420,000, $40,000 to be paid down and the balance in monthly installments of between $2,000 and $4,000. The contract also provided that upon default in the payments the seller could "declare the agreement at an end, all rights of the Buyer cancelled, and the amounts paid by Buyer forfeited as liquidated damages * * *."

In 1977 Southgate defaulted in the payments. On July 6, 1977, HCT served a notice of intent to declare a forfeiture, stating that the purchaser had ceased making payments on June 1, 1977, and that $4,000 was due for the period from May 1, 1977, to June 1, 1977, as well as a "substantial" refund of real estate taxes recovered by the purchaser but owing to the seller.

On August 9, 1977, HCT filed a complaint in forcible entry and detainer alleging that Southgate was unlawfully withholding possession. The complaint contains no prayer for relief beyond possession. Southgate answered and filed a motion to consolidate the forcible detainer action with a "pending case," which was not otherwise identified in the record, or in the alternative for leave to file a counterclaim. Although neither motion explains the nature of the proposed counterclaim, it is clear from other portions of the record that Southgate contemplated an action for rescission of the contract and restitution of payments on the theory of fraud. It also appears that Southgate sought to recover the value of improvements made while the property was in its possession. Both motions were denied on the trial court's belief that such matters were outside the scope of an action for forcible detainer.

On August 19, 1977, plaintiff filed a motion for summary judgment seeking entry of an order granting immediate possession of the property. At a hearing on the motion both parties agreed that the only issue before the court was the question of possession. Southgate did not oppose the motion and admitted that contract payments had not been made.

A judgment order was entered on August 25, 1977, granting the motion for summary judgment and awarding plaintiff immediate possession of the property. On September 16, 1977, a second judgment order was entered identical to the first except that it contained the additional provision: "That the agreement for deed entered into between the parties be, and the same is, hereby declared forfeited." There is no

indication in the record that the complaint was amended to seek additional relief or that any notice to amend the first judgment order was issued.

In November 1978, Southgate filed a motion to vacate the September 16, 1977, order, alleging that the trial court lacked jurisdiction to enter an order in forcible entry and detainer which would forfeit the contract. In the argument on the motion counsel for Southgate made it clear that its motion was not made under the provision of section 72 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), but was made on the basis of voidness and lack of jurisdiction to determine any question except "possession and rent only." Defendant's motion to vacate the portion of the second judgment order declaring the forfeiture was denied. The judge stated:

> "However, I think this Record should note that there is no analysis, acceptance of evidence, or evidence in finding that forfeiture based upon anything other than failure to perform under the contract. Any other issues were not before the Court, and had issues of fraud arisen as alluded to, as presented by Counsel in argument, been given to the Court, it would not have been properly accepted by the Court."

■ ■ The contention of voidness for lack of jurisdiction is not persuasive. It is clear from recent authority that where the right to possession has its source in an installment contract for the sale of real estate, matters relating to the validity and enforceability of the contract are "germane" to a determination of the right to possession. *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 256-57; *Chebny v. Stuart* (1979), 68 Ill. App. 3d 419, 422. See also Ill. Rev. Stat. 1977, ch. 57, pars. 5, 13.

■ ■ Southgate argues that the court exceeded its authority in entering a judgment of forfeiture which was not sought in the pleadings or in the proof and that therefore the order of forfeiture was void. However, the rule has been stated, "[t]he judgment of a court which has jurisdiction of the subject matter and of the parties and possesses the power to render the particular judgment, even though erroneous, is immune from collateral attack." *Ward v. Sampson* (1946), 395 Ill. 353, 361.

Moreover, the cases which Southgate cites do not support its argument where there is statutory authority as here to enter the order, no matter how erroneously the court applies that authority. For example, in *Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 128, a decree was held to be void to the extent that it attempted to rule on the rights of necessary parties over whom the court had not acquired personal jurisdiction; similarly in *Safeway Insurance Co. v. Harvey* (1976), 36 Ill. App. 3d 388, 392, a judgment rendered without jurisdiction over an indispensable party was held to be void. In another line of cases cited by Southgate the

decrees were held void because they transcended the power given by statutes or supreme court rule conferring authority on the court. See *City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 112-13; *Oak Park National Bank v. Peoples Gas Light & Coke Co.* (1964), 46 Ill. App. 2d 385, 394; *Chapman, Mazza, Aiello, Inc. v. Ace Lumber & Construction Co.* (1967), 83 Ill. App. 2d 320, 329. See also *Klaisner v. Klaisner* (1975), 28 Ill. App. 3d 110, 114.

■■ Here, the trial court had jurisdiction over the parties, the subject matter and possessed the statutory power to render the particular judgment. Even though it may have been erroneous under the circumstances the order entered was not subject to collateral attack for voidness.

The judgment order entered on September 16, 1977, was not challenged within the 30-day period by a motion to vacate (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)), and no appeal was taken from the order. The motion to vacate that order entered long afterward and expressly not made under section 72 does not directly attack the order and as we have noted it was not subject to collateral attack for voidness.

We are therefore unable to reach the further contention made by Southgate that the second judgment order which declared the contract forfeited was erroneously entered allegedly because it was not based on either the pleadings or the proof. The impropriety of the trial court's ruling that prohibited Southgate from litigating its claim for rescission and restitution as a counterclaim in the forcible entry and detainer proceedings is likewise not properly before us.

■■ We therefore dismiss the appeal. (See *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 181-82; *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 624.) In so doing, we are cognizant of the fact that the principal concern expressed by Southgate is that its pending separate case seeking rescission and restitution, apparently brought on a claim of fraud, will be defended by HCT on a theory of res judicata or collateral estoppel based on the bar language of the order which purported to forfeit the contract. The record before us clearly shows that the pleadings in the forcible entry and detainer action sought only possession and that the trial judge specifically noted that he had heard no evidence "based upon anything other than failure to perform under the contract * * *." However, we cannot rule on issues not before us. We can only comment that we see no basis for a challenge based on a claim that the issues whether the contract was properly forfeited for nonpayment, whether there was fraud, or whether Southgate was entitled to rescission or restitution, were previously litigated and decided. Under the forcible entry and detainer statute the granting of possession to a party determines only the right to occupy the premises, not necessarily all rights under the

contract. (Ill. Rev. Stat. 1977, ch. 57, par. 13.) The finding of a failure to perform by nonpayment is not proof as a matter of law that there is a forfeiture of the contract. *Chebny v. Stuart* (1979), 68 Ill. App. 3d 419, 423.

The only theory upon which the trial court could have properly entertained the untimely motion to vacate its September 16, 1977, order would have been because that portion of the order declaring a forfeiture was void. We have concluded that it was not a void order and therefore was not subject to what in effect was a collateral attack upon it. The appeal is therefore dismissed.

Appeal dismissed.

VAN DEUSEN and LINDBERG, JJ., concur.