FRANCES J. KELLY, Plaintiff-Appellant, v. FRANKLIN J. LUNDING, JR., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 84—0978

Opinion filed March 11, 1985.

W. James Brown, of Chicago (Michael D. Gerstein, of counsel), for appellant.

Peter B. Carey, of Chicago (Joyce & Kubasiak, P.C., of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Frances J. Kelly, brought a forcible entry and detainer action against defendants Franklin J. Lunding, Jr., and Helen S. Lunding for possession of the property located at 672 Elder Lane, Winnetka. Plaintiff claimed right of possession as the holder of a tax deed issued to plaintiff by the United States of America, Department of the Treasury, for unpaid Federal taxes. Defendants filed an answer denying that plaintiff was entitled to possession and that they unlawfully withheld possession and prayed for judgment in their favor. After a hearing at which evidence was introduced, the trial court found that the tax deed was void and entered judgment for defendants. Plaintiff appeals, contending that she was entitled to possession of the property because she complied with the statutory requirements of the forcible entry and detainer article of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 9—101 et seq.). Defendants contend that the controlling issue was the validity of the tax deed, upon which plaintiff's right of possession solely depended, that this issue was properly before the trial court and properly decided by it.

In 1963 Franklin J. Lunding, Jr., acquired the property located at 672 Elder Lane, and resided there continuously and regularly with his family until some time in 1983 when he moved out. He and his family were regular and continuous residents at that location in September of 1982, when the Internal Revenue Service allegedly sold the property to the plaintiff, Frances J. Kelly, for unpaid taxes. The Internal Revenue Service knew that the Lundings resided at that address at that time, inasmuch as its records reflected that address as their residence.

Franklin Lunding, Jr. testified that he received no notice from the Internal Revenue Service or anyone else that it was going to sell his property for unpaid taxes on September 30, 1982. The first notice he received that any such sale had occurred was on or about May 11, 1983, when he received a document entitled "Notice of Termination of Tenancy" by registered mail from the plaintiff's attorney. A subse-

quent investigation by him disclosed the tax sale. He received the notice of termination of tenancy more than seven months after the tax sale and well after the expiration of the time period in which he could have redeemed his property from the sale and after the Internal Revenue Service had issued to Frances Kelly a "District Director's Deed" on April 21, 1983.

Mr. Robert M. DeMuro, a revenue officer employed by the Internal Revenue Service, testified that it was his specific duty to collect taxes from delinquent taxpayers, including the property located at 672 Elder Lane. He knew that Franklin Lunding, Jr., was the owner of that property. He also identified the record of the Internal Revenue Service "recording the actions relative to the seizure and sale of a piece of property," and testified that he had personal knowledge of the facts, dates and activities conducted that were indicated in that record. He acknowledged that he was the one who served "notice" on Mr. Lunding, but that it was "not personal service." He stated that the only "notice" given to Franklin J. Lunding, Jr., was mailed to his residence by certified mail, but that that notice was never received by Mr. Lunding. He also testified that he never attempted to deliver personally a copy of the notice to Mr. Lunding at any time or place.

■ We reject plaintiff's argument that she was entitled to judgment because she complied with the statutory requirements of the Forcible Entry and Detainer Act. Assuming, *arguendo*, that she did comply, that compliance did not automatically require judgment in her favor; if the tax deed under which she claims the right of possession was void, the trial court correctly decided for defendants.

■ Section 9—106 of the forcible entry and detainer article (Ill. Rev. Stat. 1983, ch. 110, par. 9—106) provides in pertinent part:

> "The defendant may under a general denial of the allegations of the complaint offer in evidence any matter in defense of the action. No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise. ***"

In *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833, the court held that the validity of installment contracts for the purchase of realty was germane to the determination of the right of possession in a forcible entry and detainer action. The court said in referring to the Forcible Entry and Detainer Act (46 Ill. 2d 249, 256-57):

> "Limiting ourselves to a consideration of the act only so far as it applies to contract purchasers of land, this case is, so far as we can ascertain, one of first impression in this court. It is

our opinion that the defenses going to the validity and enforcibility of the contracts relied upon by the plaintiffs were germane to the distinctive purpose of the forcible entry and detainer actions and were improperly stricken. That purpose, to repeat, is to restore possession to one who is entitled to the right of possession. 'Germane' has been judicially defined as meaning 'closely allied,' and is further defined in Webster's New Twentieth Century Dictionary, p. 767, as meaning: 'closely related; closely connected; relevant; pertinent; appropriate.' Where as here, the right to possession a plaintiff seeks to assert has its source in an installment contract for the purchase of real estate by the defendant, we believe it must necessarily follow that matters which go to the validity and enforcibility of that contract are germane, or relevant, to a determination of the right to possession."

In *HCT Corp. v. Southgate Village, Inc.* (1980), 81 Ill. App. 3d 477, 401 N.E.2d 578, the court held that where right of possession has its source in an installment contract for the sale of realty, matters relating to the validity and enforcibility of the contract are germane to determination of the right of possession.

Under those authorities, the validity of plaintiff's tax deed is the controlling question.

■ Plaintiff argues that the issue of the validity of the tax deed should not have been considered by the trial court because it was not raised by proper pleading. We disagree.

The first sentence of the above quoted paragraph of the forcible entry and detainer article states that a defendant under a "general denial" (which defendant filed here) may offer in evidence any matter in defense. The second sentence limits that evidence to matters which are germane to the claim of right of possession, whether raised by pleading "or otherwise." The general denial permitted under the first sentence falls squarely within the meaning of "or otherwise."

Defendants properly raised the issue of the validity of plaintiff's tax deed by the evidence presented at the hearing.

The trial court, after an evidentiary hearing, held that the tax deed was void because no proper notice was given defendants. We affirm that decision.

■ Plaintiff properly contends, and defendants agree, that the question of the validity of the tax deed is to be decided under Federal law. (*Popp v. Eberlein* (7th Cir. 1969), 409 F.2d 309, *cert. denied* (1969), 396 U.S. 909, 24 L. Ed. 2d 185, 90 S. Ct. 222.) Plaintiff argues, however, that the question must be decided in the Federal and

not in the State courts. We disagree. The State courts can decide the validity under the Federal statute. *Popp v. Eberlein* (7th Cir. 1969), 409 F.2d 309.

Section 6335 of title 26 of the United States Code sets forth the method and procedure for giving notice (26 U.S.C. sec. 6335 (1982)):

"(a) Notice of seizure. As soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property (or, in the case of personal property, the possessor thereof), or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address. Such notice shall specify the sum demanded and shall contain, in the case of personal property, an account of the property seized and, in the case of real property, a description with reasonable certainty of the property seized.

(b) Notice of sale. The Secretary shall as soon as practicable after the seizure of the property give notice to the owner, in the manner prescribed in subsection (a)."

The notice provisions of section 6335 are mandatory; personal service is required. If the taxpayer never received the statutory notice, the sale is voidable *ab initio*.

In *Reece v. Scoggins* (5th Cir. 1975), 506 F.2d 967, the court affirmed the district court's order vacating a purported sale to satisfy an income tax deficiency and voiding the certificate of sale issued to the purchaser. The property owner alleged in part the IRS failed to comply with 26 USC sec. 6335 in that notice of sale was given to the taxpayer and no written notice was left at the home as required by section 6335(b). The court said at pages 970-71:

"Because we determine, however, that the taxpayer never received the statutory notice of sale, we need not consider assertions of subsequent laxity. The sale was voidable *ab initio*.

We proceed from the proposition that sec. 6335 permitting the sale at public auction of a taxpayer's land to satisfy a tax deficiency must be strictly construed. Johnson v. Gartlan, 334 F. Supp. 438 (E.D. Va. 1971), rev'd on other grounds, 470 F.2d 1104 (4th Cir. 1973), cert. denied, 414 U.S. 865, 94 S. Ct. 122, 38 L. Ed. 2d 85 (1973).

\* \* \*

The section 6335 notice requirements are designed to protect the taxpayer by giving him an opportunity to be present at the

tax sale and bid on the property. United States v. Conry, Civ. No. C—73—2041 (N.D. Calif., Dec. 28, 1973); 74—1 U.S. Tax Cas. par. 9187; Bartell v. Riddell, 202 F. Supp. 70 (S.D. Calif. 1962). *Cf.* McAndrews v. Belknap, 141 F.2d 111, 114 (6th Cir. 1944). The language of this section is clear and mandatory; absent literal compliance with its provisions, the government sale of land cannot stand. Johnson v. Gartlan, *supra*; Margiotta v. District Director of Internal Revenue, 214 F.2d 518 (2d Cir. 1954). See also Bartell v. Riddell, *supra*; 9 Mertens, Law of Federal Income Taxation, sec. 49—193, chap. 49, par. 340.

In this case, the government did not give the landowner the notice required by section 6335(b). This provision explicitly requires that the IRS must give notice in writing of an intended sale of seized land. This written notice is to be delivered to the landowner personally, or if he is not home, it may be left at his usual place of abode or business if located within the same internal revenue district as the seized land. If the landowner cannot be located, or if such abode or place of business does not exist, the written notice may be mailed to the taxpayer's last known address. I.R.S. Reg. sec. 301.6335 1(b)(1). In this case, the landowner never received written notice of the sale by any of the specified methods. While the IRS agent went to Reece's home, he did not deliver written notice or leave it at the taxpayer's home or place of business. The mailing of notice, even if done in a timely fashion, satisfies the statute only if the taxpayer has no dwelling or place of business within the revenue district. The IRS thus failed completely to comply with the notice provisions of the Code section governing tax sales of land. In these circumstances, we conclude that the district court was correct in vacating the purported tax sale and voiding the certificate of sale issued to the SPKZ Company."

That the provisions of section 6335 must be followed, and that personal service is required, see also *Aqua Bar & Lounge, Inc. v. United States* (E.D. Penn. 1977), 438 F. Supp. 655.

The Internal Revenue Service's record of the actions taken with respect to this property demonstrates that no effort was made to locate Mr. Lunding or to serve him personally with the required notice. Mr. Lunding could be readily located within the district both at his residence and his usual place of business. He had lived at the residence at 672 Elder Lane for a period of approximately 20 years on a continuous and regular basis, a fact known to the Internal Revenue Service as shown in the Internal Revenue files and as testified to by

Mr. DeMuro. Also, defendant's residence was listed in the local telephone directory, as was his usual place of business.

The burden of showing literal compliance with statutes governing the sale of land for taxes is upon the claimant under the tax sale. *Johnson v. Gartlan* (E.D. Va. 1971), 334 F. Supp. 438, *rev'd on other grounds* (4th Cir. 1973), 470 F.2d 1104, *cert. denied* (1973), 414 U.S. 865, 38 L. Ed. 2d 85, 94 S. Ct. 122; *McAndrews v. Belknap* (6th Cir. 1944), 141 F.2d 111, *cert. denied* (1944), 323 U.S. 721, 89 L. Ed. 580, 65 S. Ct. 53.

■ The presumption of validity attaching to official acts is not of such a force as to supply conclusive proof of the deed's validity in order to validate the sale of real property for unpaid taxes. (*McAndrews v. Belknap* (6th Cir. 1944), 141 F.2d 111.) Defendants contend that the statute under which plaintiff claims title must be substantially complied with by the Internal Revenue Service before the deed "shall be considered and operate as a conveyance of all right, title, and interest" of the delinquent taxpayer's interest in the property. (26 U.S.C. sec. 6339(b)(1982).) We agree.

■ The presumption attaching to the District Director's deed has been overcome by affirmative evidence demonstrating that the Internal Revenue Service has failed to comply, substantially or otherwise, with the Federal statutory requirements pertaining to sales of property for delinquent taxes. The Federal statutes set out the procedures for satisfying the constitutional due process requirements. They provided that unless the taxpayer cannot be readily located in the district, he must receive actual notice at his residence or usual place of business of the contemplated tax sale. Here, the Internal Revenue Service did not even make an effort to serve personally Mr. Lunding at either of those locations, even though it knew, in the case of his residence, or should have known, in the case of his place of business, where he could be found. Because he could be readily located within the district, the mailing of the required notice was not permissible. (*Johnson v. Gartlan* (E.D. Va. 1971), 334 F. Supp. 438.) More significant is the fact that he never even received the notice that was mailed to him and that this fact was fully known to the Internal Revenue Service.

Where improper notice of sale has been given, a deed founded thereon is void and may be invalidated. *Reece v. Scoggins* (5th Cir. 1975), 506 F.2d 967.

Because the procedures set forth in 26 U.S.C. sec. 6335 *et seq.* (1982) were not complied with, substantially or otherwise, the District Director's deed was not effective as a conveyance of Mr. Lunding's ti-

tle in the property. The deed was void, and the trial court correctly so held. The fact that the plaintiff, Mrs. Kelly, may have acted innocently and in good faith does not change this result.

The judgment of the circuit court of Cook County is affirmed.

CAMPBELL and BUCKLEY, JJ., concur.