NOTICE
Decision filed 11/01/18. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2018 IL App (5th) 170444

NO. 5-17-0444

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| LYNDON J. CUSHING and LYNDA S. BAILEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Christian County. |
| | ) | |
| v. | ) | No. 17-LM-96 |
| | ) | |
| LEROY WILLIS and MAMIE WILLIS, | ) | Honorable |
| | ) | J. Marc Kelly, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Chapman and Overstreet concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiffs, Lynda S. Bailey and Lyndon J. Cushing, filed a forcible entry and detainer action against defendants, Leroy and Mamie Willis. The trial court found in favor of defendants and against plaintiffs in the amount of $450 and ordered plaintiffs to transfer the deed to the subject property to defendants. On appeal, plaintiffs argue that the trial court erred in ordering them to transfer title of the property to defendants because the court lacked subject matter jurisdiction, the trial court's finding that defendants satisfied the terms of the contract was against the manifest weight of the evidence, and the court's order violated plaintiffs' procedural due process rights. We affirm in part and reverse in part.

1

¶ 2                                     I. BACKGROUND

¶ 3     On May 9, 2010, defendants entered into a "rent-to-own" contract with Bailey for the premises located at 612 Second Street in Palmer. The contract provided defendants would pay $300 on the first day of every month until "the $15,000 [was] paid in full." The contract provided that the property was being sold "as-is" and that defendants were responsible for all repairs to the property. Bailey was responsible for paying the property taxes until the contract price was paid in full, and then the obligation would be assumed by defendants. The contract provided the house would not be "taken" unless defendants were two months behind in rent. Bailey signed the contract as the "owner," and defendants each signed as a "buyer."

¶ 4     On September 5, 2017, Cushing, acting as an agent for Bailey, filed a *pro se* complaint for forcible entry and detainer in the circuit court of Christian County, alleging Bailey was entitled to possession of the subject premises. Plaintiffs alleged defendants unlawfully withheld possession from Bailey and was indebted to Bailey for rent in the amount of $12,400. Plaintiffs sought judgment against defendants for possession of the premises and unpaid rent. Defendants filed no answer, counterclaim, or affirmative defenses.

¶ 5     On October 17, 2017, the court conducted a bench trial. At the trial, Cushing testified that he was Bailey's brother and that she gave him a special power of attorney to deal with the property. Cushing stated the first payment under the contract was due on June 1, 2010, and the contract extended for 50 months to July 1, 2014. Cushing testified he issued a notice of termination of the contract to defendants on August 14, 2017, setting forth the payments missed by defendants. At trial, Cushing repeatedly asserted the "rent-to-own" contract was not a contract for deed, and that the contract converted into a rental agreement based on defendants' failure to pay pursuant to the contract terms. Cushing testified plaintiffs received a total of $13,750 in

2

payments between June 1, 2010, and August 4, 2017, and asserted defendants were $12,400 in arrears.

¶ 6    Leroy Willis testified to the payments made by he and his wife, Mamie Willis. Willis testified he received the notice of termination on August 14, 2017, and that he gave Cushing money orders totaling $1700 on August 15, 2017, in order to complete payment under the contract. At trial, Cushing subsequently acknowledged receiving the $1700 payment after he provided notice of the termination to defendants, receiving a total of $15,450 in payments under the contract.

¶ 7    During closing arguments, counsel for defendants asserted that defendants had overpaid on the contract by $700. Counsel requested the court dismiss the forcible entry and detainer action against defendants and enter a judgment in their favor for $700 plus attorney fees.

¶ 8    At the conclusion of the hearing, the court found the parties entered into a "rent-to-own" contract that required defendants to pay $300 on the first of every month until $15,000 was paid. The court found there was no dispute that defendants missed a number of payments; however, plaintiffs continued to accept those payments without notifying defendants that the contract was being terminated. Plaintiffs did not notify defendants of their intent to terminate the contract until August 14, 2017. The following day, defendants tendered an amount of money that paid off the contract in full. The court found defendants paid $13,750 prior to the termination notice and an additional $1700 after receiving notice of termination of the contract but before the forcible entry and detainer action was filed on September 5, 2017. The court denied plaintiffs' request for forcible entry and detainer and ordered plaintiffs to refund defendants $450 as overpayment.

¶ 9    Following the court's pronouncement, counsel for defendants requested the deed to the property. The court then ordered that plaintiffs provide defendants the deed to the property.

¶ 10    In their first point, plaintiffs assert the trial court's judgment, requiring them to transfer the deed to the property to defendants, is void because the court lacked subject matter jurisdiction to enter such an order. Plaintiffs argue defendants should have filed a counterclaim against plaintiffs and requested that the court enter an order requiring plaintiffs to execute a deed. Plaintiffs contend that, in the absence of such a request, the court lacked subject matter jurisdiction because it exceeded the scope of its authority by granting defendants relief not requested by either party. Defendants respond that it was unnecessary for them to bring a counterclaim requesting transfer of the deed because issues of payment and title were germane to the issue of possession raised by the forcible entry and detainer action brought by plaintiffs.

¶ 11                                   II. ANALYSIS

¶ 12    Whether the circuit court has subject matter jurisdiction is a question of law that is reviewed *de novo*. *McCormick v. Robertson*, 2015 IL 118230, ¶ 18. Subject matter jurisdiction "refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). The circuit court's subject matter jurisdiction is conferred by the Illinois Constitution, with the exception of the court's power to review administrative action, which is conferred by statute. *Belleville Toyota, Inc.*, 199 Ill. 2d at 334.

¶ 13    Pursuant to article VI, section 9 of the Illinois Constitution, the circuit court's jurisdiction extends to all "justiciable matters." Ill. Const. 1970, art. VI, § 9. The circuit court has subject matter jurisdiction to consider any matter brought before it, so long as the matter is justiciable and does not fall within the original and exclusive jurisdiction of the Illinois Supreme Court. *McCormick*, 2015 IL 118230, ¶ 20. "[A] 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot,

4

touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota, Inc.*, 199 Ill. 2d at 335. "The *only* consideration is whether [the claim] falls within the general class of cases that the court has the inherent power to hear and determine. If it does, then subject matter jurisdiction is present." (Emphasis in original.) *McCormick*, 2015 IL 118230, ¶ 23. Once a court obtains subject matter jurisdiction over a matter, the court does not lose jurisdiction, nor is its judgment rendered void, because of an error or impropriety in its determination of the facts or application of the law. *McCormick*, 2015 IL 118230, ¶ 28.

¶ 14    In this case, plaintiffs filed a complaint in forcible entry and detainer in the circuit court of Christian County, a court of general jurisdiction. Forcible entry and detainer is not a matter within the Illinois Supreme Court's original and exclusive jurisdiction, and the parties do not contest that the complaint presented a justiciable matter falling within the general class of cases that the circuit court had the inherent power to hear and determine. As such, the circuit court had subject matter jurisdiction over the matter, and its judgment is not void.

¶ 15    On appeal, plaintiffs' primary contention is that the circuit court erred in ordering them to execute a deed, transferring title to the subject property in the absence of any counterclaim or prayer by defendants requesting such relief. Although plaintiffs' claim is erroneously couched in terms of jurisdiction, their underlying complaint is meritorious.

¶ 16    When a defendant appears pursuant to a summons in a forcible entry and detainer action, "he or she need not file an answer unless ordered by the court; and when no answer is ordered, the allegations of the complaint will be deemed denied, and any defense may be proved as if it were specifically pleaded." Ill. S. Ct. R. 181(b)(2) (eff. Jan. 4, 2013). In a forcible entry and detainer action, "[t]he defendant may under a general denial of the allegations of the complaint offer in evidence any matter in defense of the action. *** [N]o matters not germane to the

5

distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise." 735 ILCS 5/9-106 (West 2016). The plaintiff can bring a claim for rent in the complaint, and the court may enter a judgment for the amount of rent due. 735 ILCS 5/9-106 (West 2016).

¶ 17    The record shows defendants appeared for trial and did not file an answer, counterclaim, or affirmative defenses, and the trial court did not order them to file an answer. As such, the allegations in plaintiffs' complaint were deemed denied, and defendants were permitted to offer evidence of any *defense* to the allegations against them. See *Kelly v. Lunding*, 131 Ill. App. 3d 410, 413 (1985). The validity and enforceability of an installment contract for the purchase of realty are germane to determine the right to possession, and evidence of those issues may be presented in defense of a forcible entry and detainer action. See *Kelly*, 131 Ill. App. 3d at 412-13; *Rosewood Corp. v. Fisher*, 46 Ill. 2d 249, 256-57 (1970); *HCT Corp. v. Southgate Village, Inc.*, 81 Ill. App. 3d 477, 479 (1980); and *Samek v. Newman*, 164 Ill. App. 3d 967, 969-970 (1987).

¶ 18    While defendants are correct that evidence related to the validity and enforceability of the rent-to-own contract and defendants' payments thereunder was germane to the issue of possession in this case, defendants are incorrect that they are entitled to affirmative relief in the form of a deed to the property. The aforementioned rule, statute, and cases speak in terms of defenses, not affirmative relief.

¶ 19    An action in forcible entry and detainer involves the right to possession, while an action to quiet title involves the question of title. *Gurga v. Roth*, 2011 IL App (2d) 100444, ¶ 11. "A party cannot be afforded relief despite the presence of evidence supporting such relief, absent a corresponding pleading." *Tembrina v. Simos*, 208 Ill. App. 3d 652, 656 (1991). "A defendant who desires affirmative relief must file a cross-bill or cross-complaint; he will not be permitted to prove a claim, defense, or counterclaim which he has not pleaded." *Tembrina*, 208 Ill. App. 3d

6

at 656. See also *Nadhir v. Salomon*, 2011 IL App (1st) 110851, ¶ 37 (discussing the differences between counterclaims and affirmative defenses, and holding defendant must file a counterclaim to seek affirmative relief), and *Warren v. McRoberts*, 315 Ill. App. 499, 503 (1942) ("where a defendant relies on his answer alone, he can use the equity of his case only for the purpose of defense, but if he wishes an affirmative relief with reference to the subject matter of the original bill, he must file a cross-bill").

¶ 20    The purpose of pleadings is to reasonably inform the opposing party of the nature of the claim or defense that he is called upon to meet. 735 ILCS 5/2-612(b) (West 2016). Section 2-604 of the Code of Civil Procedure requires that "[e]very count in every complaint and counterclaim shall contain specific prayers for the relief to which the pleader deems himself or herself entitled except that in actions for injury to the person." 735 ILCS 5/2-604 (West 2016).

¶ 21    While it was unnecessary for defendants to file an answer in order to present evidence in defense of plaintiffs' complaint for forcible entry and detainer, an action in forcible entry and detainer involves the right to possession, not title. If defendants wanted the court to determine the question of title and to award them affirmative relief under the terms of the rent-to-own contract, defendants must have filed a counterclaim raising these issues and seeking such relief. Absent a counterclaim by defendants and a prayer requesting relief, the circuit court erred in ordering plaintiffs' to execute a deed transferring title to the property to defendants.

¶ 22    Plaintiffs also argue that the circuit court's finding that defendants complied with the terms of the contract was against the manifest weight of the evidence because the evidence demonstrated that defendants had not paid the full $15,000 by the end of the lease term. Plaintiffs argue the rent-to-own contract was primarily a rental agreement and the contract terms state that

7

defendants would have the option to purchase the property following the initial 50-month lease term.

¶ 23 Plaintiffs' interpretation of the terms of the contract is unsupported by the facts or the law. Contrary to plaintiffs' assertion, the contract contains no provision indicating that defendants obtained only "an option to purchase the subject property" after a 50-month lease term. Nor do plaintiffs cite to any legal authority supporting their assertion that a "rent-to-own" contract is distinguishable from a contract for deed or that the contract automatically converted into a rental agreement upon the buyers' alleged noncompliance.

¶ 24 The Dwelling Unit Installment Contract Act (Act) defines an "installment contract" as "any contract or agreement, including contracts for deeds, bonds for deeds or any other sale or legal device, whereby a contract seller agrees to sell and a buyer agrees to buy a dwelling structure, wherein the consideration for such sale is payable in installments for a period of at least one year after buyer takes possession of the dwelling structure and the contract seller continues to have an interest, or security for the purchase price or otherwise in that property." 765 ILCS 75/1(e) (West 2016).

The "rent-to-own" contract in this case falls within the definition of an installment contract under the Act. The contract states defendants are to make payments until "the $15,000 [was] paid in full." Plaintiffs do not contest that the evidence demonstrated that defendants paid plaintiffs a total of $15,450 on the $15,000 contract. The circuit court's finding that defendants satisfied the terms of the contract and, in fact, overpaid on the contract by $450 is not against the manifest weight of the evidence.

¶ 25 In light of this court's finding on plaintiffs' other points, this court need not address plaintiffs' claim that the circuit court violated their procedural due process rights by ordering

8

plaintiffs to execute a deed transferring the plaintiffs' property interest to defendants without notice.

¶ 26                                              III. CONCLUSION

¶ 27     For the foregoing reasons, the judgment of the circuit court denying plaintiffs' complaint for forcible entry and detainer and awarding defendants $450 as overpayment is affirmed, and the judgment of the circuit court ordering plaintiffs to execute a deed transferring title to defendants is reversed.


¶ 28     Affirmed in part and reversed in part.

2018 IL App (5th) 170444

NO. 5-17-0444

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>LYNDON J. CUSHING and LYNDA S. BAILEY,</td><td>)</td><td>Appeal from the</td></tr>
<tr><td></td><td>)</td><td>Circuit Court of</td></tr>
<tr><td>Plaintiffs-Appellants,</td><td>)</td><td>Christian County.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>No. 17-LM-96</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>LEROY WILLIS and MAMIE WILLIS,</td><td>)</td><td>Honorable</td></tr>
<tr><td></td><td>)</td><td>J. Marc Kelly,</td></tr>
<tr><td>Defendants-Appellees.</td><td>)</td><td>Judge, presiding.</td></tr>
</table>

**Opinion Filed:**        November 1, 2018

**Justices:**        Honorable Judy L. Cates, J.

Honorable Melissa A. Chapman, J., and
Honorable David K. Overstreet, J.,
Concur

**Attorney
for
Appellants**        William E. Farr, 148 South Locust Street, P.O. Box 588, Pana, IL 62557

**Attorney
for
Appellee**        Beth Brotherton, Beavers, Graham & Calvert, 221 West Main Street,
Taylorville, IL 62568 (representing Leroy Willis)

Mamie Willis (*pro se*)