LEOPOLDO JURADO, Plaintiff-Appellant, v. CORNELIO E. SIMOS *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 87—0598

Opinion filed February 3, 1988.

Thomas F. Courtney & Associates, of Palos Heights, for appellant.

Mary Frances Hill, of Palos Heights, for appellee Cornelio E. Simos.

Kenneth S. Finkle, of Buffalo Grove, for appellee Simeon Tembrina.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiff Leopoldo Jurado sued to foreclose a mortgage on property held by American National Bank & Trust Co. in trust for the benefit of plaintiff and defendants Cornelio Simos and Simeon Tembrina. Plaintiff and defendants had guaranteed payment of the mortgage note. The trial court granted defendants' motions for summary judgment, finding that plaintiff could not foreclose the mortgage because his purchase of the note extinguished the debt. Plaintiff appeals.

In 1974 plaintiff and four other persons established a land trust to purchase property which was improved with a small medical office building. Each of the five persons who established the trust held a one-fifth beneficial interest in the trust. In the purchase of the land, American National gave the seller a mortgage note which American National signed in its capacity as trustee. The five beneficiaries of the trust signed a separate agreement which provided that they were jointly and severally liable for all payments of the mortgage note.

Three of the original trust beneficiaries sold their interests in the trust to defendant Simos, and one of the original beneficiaries sold his interest to defendant Tembrina. Both Simos and Tembrina signed

agreements in which they assumed the original beneficiaries' responsibility for paying the mortgage note. During October 1983, Simos, as owner of three-fifths of the beneficial interest of the trust, directed the trustee to execute a deed to make Simos the sole owner of the property. American National executed the deed. Tembrina sued for an accounting and for reconveyance of the land to the trust.

Under the terms of the mortgage note, the final payment of the principal fell due on August 1, 1984. The outstanding balance due on the note then exceeded $60,000. The holder of the note received no payment until January 1986, when plaintiff paid the holder approximately the amount due on the note and the holder assigned the note to him. Plaintiff then as holder brought suit for foreclosure. The trial court consolidated the suit with Tembrina's suit for an accounting. On September 6, 1986, the trial court vacated the trustee's deed of the property to Simos, so that American National as trustee again was the sole owner of the land. The court subsequently granted defendants' motions for summary judgment on grounds that plaintiff's interest in the property as a beneficiary of the land trust merged with his interest as holder of the note.

■ On appeal plaintiff contends that the trial court misapplied the doctrine of merger. Our supreme court has stated:

"Rights are said to be merged when the same person who is bound to pay is also entitled to receive." (*Donk Brothers & Co. v. Alexander & Taussig* (1886), 117 Ill. 330, 338, 7 N.E. 672.)

Once plaintiff purchased the note he was entitled to receive the payments on the note, and under the terms of the guarantee agreement he was liable for payment of the entire amount of the note. We note that Illinois courts will sometimes prevent a merger even where one party is both obligor and obligee on a note. "[A] merger will be prevented by equity only, however, for the purpose of promoting substantial justice; it will not prevent a merger, where such prevention would result in carrying a[n] *** unconscientious wrong into effect." *Forthman v. Deters* (1903), 206 Ill. 159, 171, 69 N.E. 97.

■ In the case at bar, if the doctrine of merger is applied to cancel the debt, plaintiff is entitled to contribution from Simos and Tembrina, because plaintiff has paid more than his share of a common obligation. (*Ruggio v. Ditkowsky* (1986), 147 Ill. App. 3d 638, 642, 498 N.E.2d 747.) If the doctrine of merger is not applied and plaintiff is allowed to foreclose the mortgage, he would become sole owner of the property even though he purchased only a one-fifth beneficial interest in the land trust. True, he alone made the final balloon payment on the mortgage, but we find no reason to believe that a substantial in-

justice will result if plaintiff is left to his recourse as an unsecured creditor of Simos and Tembrina to recover their share of the final payment. Therefore, we will not prevent his obligation as a beneficiary of the land trust from merging with his rights as holder of the mortgage note.

For the foregoing reasons we affirm the trial court order cancelling the mortgage note and granting the motions for summary judgment against plaintiff on his suit to foreclose the mortgage.

Affirmed.

McNAMARA and RIZZI, JJ., concur.