SAM TEMBRINA, Plaintiff-Appellee, v. CORNELIO SIMOS, d/b/a Beverly Ridge Medical Center, Defendant-Appellee (Leopoldo Jurado, Defendant-Appellant).

First District (3rd Division)   No. 1—89—1651

Opinion filed January 2, 1991.—Rehearing denied January 25, 1991.

Thomas F. Courtney, of Palos Heights, for appellant.

Kenneth S. Finkle, of Buffalo Grove, for appellee Sam Tembrina.

Mary Francis Hill, of Palos Heights, for appellee Cornelio Simos.

JUSTICE WHITE delivered the opinion of the court:

Appellant Leopoldo Jurado appeals from an order of the trial court striking his motion for contribution and ordering that the funds from the sale of partnership property be distributed according to the parties' partnership shares and without regard to appellant's payment of a mortgage held on the partnership's property.

This action was initiated in July 1984 when Sam Tembrina filed suit against Cornelio Simos. Simos, Tembrina, and appellant were partners and joint owners of the beneficial interest in a land trust of property located at 1836 West 87th Street in Chicago. Simos owned a three-fifths interest in the trust while Tembrina and appellant each owned one-fifth interests. Under an agreement between the parties, each was jointly and severally liable for payments of a mortgage on the property held by the Chicago Title & Trust Company (CT&T).

In October 1983, Simos, as owner of a three-fifths interest in the trust, directed the trustee to execute a deed making Simos the sole owner of the property. Tembrina's suit sought an accounting and reconveyance of the property to the trust.

In August 1984, when a final "balloon" payment on the mortgage note was not made, the mortgage held by CT&T went into default. In January 1986, while Tembrina's action was pending and without notice to the other parties, appellant paid the $67,046.16 balance due on the mortgage note and took an assignment of the note from CT&T. Appellant then brought suit against Simos and Tembrina for foreclosure of the note. This action was consolidated with Tembrina's earlier action for an accounting.

In an order entered September 6, 1986, the trial court vacated the deed transferring the property to Simos. No appeal was taken from this order, and the property was reconveyed to the trust.

In December 1986, Simos and Tembrina filed motions for summary judgment on appellant's complaint for foreclosure alleging that the doctrine of merger precluded appellant from maintaining an action for foreclosure.

On January 23, 1987, the trial court granted the motions for summary judgment and ordered that the note and mortgage be cancelled. Appellant appealed, and in an opinion dated February 3, 1988, this court affirmed the trial court's order. See *Jurado v. Simos* (1988), 166 Ill. App. 3d 380, 519 N.E.2d 1018.

Subsequently, appellant filed a motion for leave to join as an additional party plaintiff in Tembrina's accounting action. This motion was denied on March 3, 1988.

On July 14, 1988, Tembrina filed a motion to join appellant as an additional party defendant. Appellant consented to being joined, and on August 2, 1988, the court entered an order adding appellant as a defendant and granting Tembrina leave to amend his complaint to include allegations against appellant.

On December 12, 1988, Tembrina filed an emergency motion seeking dissolution of the partnership and requesting that the property be sold. In an order entered December 12, 1988, the trial court dissolved the partnership and scheduled a public sale of the property. Tembrina made a bid of $179,000, and the court entered an order approving his purchase of the property.

The sale of the property produced $52,957.23 in net proceeds, and on March 23, 1989, the trial court ordered the parties to file motions for distribution of the partnership's assets. Appellant filed a motion on April 18, 1989, alleging that he was entitled to contribution from Tembrina and Simos for payment of the CT&T mortgage note. Appellant therefore sought an order granting him all of the sale proceeds and entering judgment against Tembrina and Simos for their share of the mortgage debt not satisfied by the partnership assets.

In response, Simos filed a motion to strike and dismiss appellant's motion for contribution. Simos alleged that appellant was not entitled to contribution because he had failed to file a counterclaim for contribution within 30 days of being joined as a defendant, as required by the Code of Civil Procedure. Ill. Rev. Stat. 1987, ch. 110, par. 2—608.

On May 1, 1989, the trial court entered an order granting Simos' motion to strike appellant's motion for contribution and stating that appellant's contribution was not a partnership liability. The court's order also stated that the partnership's assets would be distributed according to the parties' interests, with one-fifth going to Tembrina, one-fifth to appellant, and three-fifths to Simos.

Appellant has appealed from the trial court's order of distribution. Appellant argues that the trial court abused its discretion when it granted Simos' motion to strike and ruled that the claim for contribution was not a partnership liability.

Appellant contends that there was no question that he paid a partnership debt when he paid off the mortgage note held by CT&T. In support of his contention, appellant cites this court's decision in *Jurado v. Simos*, where we stated that "if the doctrine of merger is applied to cancel the debt, [appellant] is entitled to contribution from Simos and Tembrina, because [appellant] has paid more than his share of a common obligation." (166 Ill. App. 3d at 382.) Relying on this language, appellant argues that the trial court was required to take

the payment of the mortgage note into consideration when it settled the partners' accounts.

■■ ■ Initially we note that the appellant is correct in arguing that the trial court erred in holding that appellant's claim for contribution was not a partnership liability. No evidence was presented on the claim, its validity, or any defenses thereto. Accordingly, we find that there was nothing to support the trial court's ruling that the claim was not a partnership liability. However, we also find that appellant failed to properly plead his claim for contribution and that therefore the trial court did not err in granting Simos' motion to strike.

■■ ■ A party cannot be afforded relief despite the presence of evidence supporting such relief, absent a corresponding pleading. (*Bartsch v. Gordon N. Plumb, Inc.* (1985), 138 Ill. App. 3d 188, 485 N.E.2d 1105.) Where a defendant does not raise by his answer or by a counterclaim a right to a claim arising out of a partnership dissolution, a trial court cannot properly consider such a claim. (See *Abbott v. Ferrell* (1981), 92 Ill. App. 3d 632, 415 N.E.2d 703.) A defendant who desires affirmative relief must file a cross-bill or cross-complaint; he will not be permitted to prove a claim, defense, or counterclaim which he has not pleaded. 68 C.J.S. §§424, 427 at 959, 961-62 (1950).

In the present case, the record shows that appellant was first put on notice that he had not raised his claim for contribution in a proper manner nine months before the trial court granted Simos' motion to dismiss. On July 14, 1988, Tembrina filed a petition seeking reimbursement for his payment of delinquent property taxes. In his response to Tembrina's petition, appellant requested contribution for his payment of the CT&T mortgage note. At a hearing on August 2, 1988, the trial court ruled that a claim for contribution could not be raised in this manner. The court stated:

"Is that the appropriate way to bring that issue to the Court in a response to a petition for contribution? It seems to me that there should be more substantive pleadings so that the issue can be drawn.

\* \* \*

It's got to be done by a pleading, or I can't form a hearing on a basis of something like that counsel.

\* \* \*

I don't believe this how [*sic*] you raise this kind of an issue.

You have to make an affirmative allegation[,] other than in a response to a petition here for reimbursement[,] which brings that issue to the Court.

\* \* \*

You're not at issue. Nothing is before the Court. This isn't a pleading; this is just a simple response. This is an argument. This is what courts receive in lieu of oral argument. It's your formal response.

It's not an answer; it's not a complaint; it's not a cross-complaint; it's not a counter-complaint; it's not an affirmative defense.''

The court reiterated its position at a hearing held on January 17, 1989, to discuss the public sale of the property. At the hearing, appellant again raised the issue of his payment of the mortgage note and his desire for contribution from the other partners. In response, the court stated that it was not satisfied that the claim for contribution had been made a part of the pleadings. Thus, the trial court made it clear on two occasions that it would not entertain appellant's claim for contribution until some pleading setting forth the claim was filed.

In arguing that the trial court erred in finding that he had not properly raised his claim for contribution, appellant contends that he could not have raised the claim in an answer or counterclaim because Tembrina never amended his complaint to add any allegations against appellant. However, following the August 2, 1988, hearing, appellant made no effort to bring Tembrina's failure to amend the complaint to the attention of the trial court; nor did appellant take any other steps to plead his claim for contribution, even after January 17, 1989, when the trial court again stated that the claim for contribution had not been made a part of the pleadings. For this reason, we find no error in the trial court's order striking appellant's claim for contribution as untimely.

Appellant also argues that the trial court's orders dissolving the partnership and distributing the partnership assets must be reversed because Tembrina's complaint sought only an accounting, reconveyance of the property, and injunctive relief and did not request any relief regarding the partnership. This argument is wholly without merit.

■■ ■ Initially, we note that in his complaint, Tembrina sought not only an accounting, but also any other relief the trial court deemed equitable. The fact that a partner's accounting action does not contain a specific request for a dissolution will not preclude a court from ordering that a partnership be dissolved. (See *Saballus v. Timke* (1983), 122 Ill. App. 3d 109, 460 N.E.2d 755; *Susman v. Cypress Venture* (1982), 114 Ill. App. 3d 668, 449 N.E.2d 143.) Under the Uniform Partnership Act (Ill. Rev. Stat. 1987, ch. 106½, par. 32), a court may order a dissolution whenever a partner has been guilty of conduct tending to affect prejudicially the carrying on of the business;

when a partner so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with him; when the business can only be carried on at a loss; and when other circumstances render a dissolution equitable.

■ In ordering the dissolution of the partnership, the court stated that it was apparent that animosity existed between the partners and that they were unwilling to cooperate with each other. The court also took note of the actions of one of the partners in causing the partnership property to be conveyed into his individual name, the partners' failure to pay their share of real estate taxes, and one partner's action in absenting himself from the country. The trial court stated that these circumstances clearly justified an order of dissolution. We agree and we find no impropriety in the court's action.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CERDA, P.J., and FREEMAN, J.,* concur.

---

*Justice Freeman participated in the decision of this case prior to taking office as a supreme court justice.