HERMAN L. LOEB, Plaintiff-Appellee, v. ALBERT A. WOLL *et al.*, Defendants-Appellants (Farm Bureau Oil Company *et al.*, Defendants).

Fifth District   No. 5—90—0345

Opinion filed October 13, 1992.

L. James Hanson and Arnold J. Pirtle, both of Mitchell, Neubauer & Shaw, P.C., of Mt. Vernon, for appellants.

C. Michael Witters, of Mt. Carmel, for appellee.

JUSTICE HENRY LEWIS delivered the opinion of the court:

This appeal results from the granting of a summary judgment in favor of Herman L. Loeb (Loeb) and against Albert L. Woll (Woll) in an amended judgment entered in Wabash County on May 7, 1990. The

facts in this case are somewhat complicated, but the issue presented for review is simple and straightforward.

Woll and Loeb were brothers-in-law and had been co-owners of oil and gas leases in the Illinois basin since the late 1940's. On August 6, 1984, Woll filed suit in Clinton County to foreclose interests of Loeb in various leases for failure to pay operating and supervising expenses on certain leases. In an amended complaint Woll asked for expenses through October 1985. A trial was conducted in Clinton County on September 29, 1986, in which, over Loeb's objection, the trial court allowed Woll to produce evidence concerning the ongoing expenses through April 1986. After the trial a hearing was held on December 12, 1986, again before Judge Eberspacher. Following that hearing the court entered an order which stated in pertinent part:

"B. That this cause be, and the same is hereby, set for the taking of further evidence on the following issues only:

a) The identity and number of producing wells from month to month upon the Family leases.

b) The identity and number of producing wells from month to month upon the Payne leases to and including the month of February, 1985.

c) The amount of monthly expenses for each lease exclusive of 'overhead and supervision' expenses, however denominated[,] claimed by Woll or the Corporation, from July, 1983[,] to date as to the Family leases and from July, 1983[,] thru February, 1985[,] as to the Payne leases.

d) That in default of the production of such evidence the First Amended Complaint of Woll Enterprises, Inc. is to be dismissed."

The court set January 9, 1987, as the date to hear the matters set forth in the order of December 12, 1986. Evidence was heard on that date in compliance with the order. However, no evidence was presented concerning the operating expenses for leases after April 1986. These expenses are now in contention in the instant case.

Prior to opening statements on January 9, 1987, the following exchange occurred between Ben Mitchell, counsel for Woll, and Judge Eberspacher:

"BEN MITCHELL: I am co-counsel for the plaintiff. We are prepared to respond pursuant to paragraph D, as to D(a) the identity of producing wells. Also, as to sub-paragraph (b) [sic], we apologize to the Court. In fairness, we misunderstood your ruling when you said as to the family leases from July '83 to date. Just prior to open court we learned that you mean today

or a very recent date. We are not prep· .re d to produce evidence concerning any invoices or expenses s ib; equent to the date of trial that were permitted in the trial.

THE COURT: Are you prepared to present them through the date of trial?

BEN MITCHELL: No, Your Honor, because at the trial we were permitted to go through April and that is the end point at which we are prepared to present evidence.

THE COURT: Are you prepared to go through April?

BEN MITCHELL: Yes. I would also state to the Court that there is other pending litigation between the parties and any resulting indebtedness which would occur subsequent to April of '86 would and will be fully covered and resolved in other litigation.

THE COURT: All right, sir. Anything further by way of opening?

BEN MITCHELL: No, Your Honor.

THE COURT: Mr. Hanson—I'm sorry. Mr. Witters?

MICHAEL WITTERS: I have no opening statement at this time."

On January 27, 1987, a judgment was entered in the cause in Clinton County, which incorporated by reference the provisions of the order of December 12, 1986. The court determined the specific amounts owed to Woll for each lease based upon the evidence. No mention was made concerning the period from May through December 1986.

During the pendency of Woll's complaint filed in 1984, Loeb filed his own complaint, case No. 86—CH—21, on October 8, 1986, against Woll in Wabash County, Illinois, to foreclose an equitable oil and gas lien on certain leases. Later, Loeb filed a second complaint, case No. 87—CH—15, on May 29, 1987, against the Freda Loeb Trust for Pearl L. Woll (plaintiff is the trustee) in Wabash County, Illinois, to foreclose an equitable oil and gas lien on certain leases.

In accordance with Ben Mitchell's representations to Judge Eberspacher that Woll would recover indebtedness resulting after April of 1986 in the other litigation, Woll filed a second complaint, case No. 88—CH—3, on January 26, 1988, against Loeb in Wabash County to foreclose an equitable oil and gas lien on certain leases of which the family leases were a part. In this complaint Woll alleged that Loeb owed operating expenses from May of 1986 to August of 1987.

■ All of the dealings between the parties have been settled by stipulation except those concerning the monies allegedly owed by Loeb to Woll for the period of April 1986 through December 1986. In

the Wabash County case presently on appeal, both sides presented motions for summary judgment asking the court to determine the meaning of the order of December 1986 and the judgment of January 27, 1987, entered in the circuit court of Clinton County. The circuit court of Wabash County ruled in favor of Loeb, in effect holding that Judge Eberspacher's order of December 12, 1986, and judgment of January 26, 1987, included the expenses from May 1986 through December 1986 and that since the matter was already decided, the issue was *res judicata*. Woll appeals. The sole issue presented for our review is whether Judge Eberspacher's judgment of January 27, 1987, covered the period from May to December of 1986. The circuit court of Wabash County held that a reading of the order of December 12, 1986, and the judgment of January 27, 1987, precludes Woll from claiming expenses again for the period ending December 31, 1986.

"The doctrine of *res judicata* provides that 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.' (*People v. Kidd* (1947), 398 Ill. 405, 408.) When *res judicata* is established ' "as a bar against the prosecution of a second action between the same parties upon the same claim or demand *** it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for the purpose." ' *Housing Authority for La Salle County v. YMCA* (1984), 101 Ill. 2d 246, 251-52, quoting *Barry v. Commonwealth Edison Co.* (1940), 374 Ill. 473, 478.

The courts have created the doctrine of *res judicata* to protect litigants from the onerous burden of retrying an identical cause of action or issue with the same party, and to promote economical use of judicial resources by barring repetitive litigation. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432.) Toward that end, the courts have barred parties from bringing suit on issues that could have been raised, but were not, in an earlier proceeding. *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 375; see also *Yaw v. Beeghly* (1982), 109 Ill. App. 3d 627, 632-33; *Neuberg v. Michael Reese Hospital & Medical Center* (1983), 118 Ill. App. 3d 93, 99." *Pacemaker Food Stores, Inc. v. Seventh Mont Corp.* (1986), 143 Ill. App. 3d 781, 784, 493 N.E.2d 390, 393.

It should be noted that the pleadings in the Clinton County case asked for expenses only through October of 1985, and that at the trial held in September of 1986 the court allowed Woll to introduce evidence through April of 1986. In the Clinton County case Woll did not raise the issue of expenses for the months in question in its original or amended complaints, nor were expenses for those months a part of the proof at trial. Certainly, then, Woll would not be litigating the issue twice. As a general proposition of law the evidence must correspond to the pleadings. "A party cannot be afforded relief despite the presence of evidence supporting such relief, absent corresponding pleadings." *Tembrina v. Simos* (1991), 208 Ill. App. 3d 652, 656, 567 N.E.2d 536, 539, *appeal denied* (1991), 139 Ill. 2d 605, 575 N.E.2d 924; see also *Bartsch v. Gordon N. Plumb, Inc.* (1985), 138 Ill. App. 3d 188, 485 N.E.2d 1105.

> " 'A judgment must represent the ultimate and fixed precise determination of the judicial proceeding in which it is entered, and in substance it must show distinctly, and not inferentially, that the matters in the record have been finally disposed of in favor of one of the litigants or that the rights of the parties in litigation have been finally adjudicated.' " (*Pertolanitz v. Chicago Transit Authority* (1963), 44 Ill. App. 2d 256, 266, 194 N.E.2d 501, 505, quoting 23 Ill. L. & Prac. *Judgments* §21 (1956).)

As was stated in *In re Marriage of Adams* (1981), 92 Ill. App. 3d 797, 805-06, 416 N.E.2d 316, 323,

> "It is fundamental that a judgment order must be supported by the allegations in the complaint as well as by the evidence. (*Larson v. City of Loves Park* (1964), 48 Ill. App. 2d 191, 198 N.E.2d 525.) Affirmative relief cannot be properly granted without a pleading requesting it. *Tison & Hall Concrete Products Co., Inc. v. A.E. Asher, Inc.* (1967), 86 Ill. App. 2d 34, 229 N.E.2d 137.
>
> Because the issue of which of the parties would be allowed to claim the two minor children as tax exemptions was not raised in any of the pleadings, it was error for the trial court to rule on the issue."

In the instant case the trial judge cited *People v. Brown* (1982), 92 Ill. 2d 248, 442 N.E.2d 136, in which the court observed that a guiding principle in statutory construction is to ascribe to language its plain and ordinary meaning. Judge Keenan said essentially that the meaning of the trial court in Clinton County was obvious. We disagree.

The purpose of the evidentiary hearing on January 9, 1987, was to complete the evidentiary hearing of September 1986. The order of December 12, 1986, set forth those matters to be heard, including, in section B, subsection c, "[t]he amount of monthly expenses *** claimed by Woll or the Corporation, from July, 1983 *to date* as to the Family leases." (Emphasis added.) As we have indicated, immediately prior to the hearing, a discussion was held by counsel and the court concerning the evidence to be heard. The attorney for Woll stated that he had misunderstood the order and was not prepared to offer evidence subsequent to April 1986. When the court asked him if he was prepared to present such evidence through the date of trial in September of 1986, counsel responded that he was not. When the court asked if he was prepared to present such evidence through April, counsel responded in the affirmative and stated that there was further pending litigation covering that later period. The court said, "All right," and the trial proceeded.

It appears that the trial court's decision in the instant case is sustained only by the words "to date" in Judge Eberspacher's order of December 12, 1986. The trial court selected a date, December 31, 1986, and found that it was obvious the trial court intended that date. We do not believe that such an intention is obvious. One might infer that the trial court intended this date, but the judgment must show distinctly and not inferentially that the rights of the parties have been determined as of a particular date.

One can infer equally as readily from the discussion between the court and counsel that the court was willing to permit counsel to produce evidence only through April of 1986. Further, the Clinton County trial court did not deny the claim from April through December. The court in its judgment of January 27, 1987, could have been clear as to the time period, but it was not. A clear wording of the judgment of January 27, 1987, would have given the parties the opportunity to appeal the decision. The mere fact that both sides now have good arguments as to the meaning of the judgment indicates that it was unclear. Because the meaning of this imprecise judgment could be determined only inferentially, *res judicata* has not been established as a bar against the prosecution of the claim for expenses from April through December of 1986. We know that the court wanted to have evidence presented as close to the date of hearing as possible. Beyond that the court's intent is unclear. To bar a claim, not even sought in the pleadings, based upon the judgment of January 1987 would be highly unfair. It was stipulated that those bills and the amounts thereof from April through December were not paid. If the

trial court had meant that the expenses subsequent to April were disallowed, all it had to do was to say so. To be valid, a judgment must show distinctly, not inferentially, that the matters of record have been disposed of. *Korogluyan v. Chicago Title & Trust Co.* (1991), 213 Ill. App. 3d 622, 572 N.E.2d 1154.

In this court's opinion, the trial court's judgment of January 17, 1987, did not include expenses for the months of April through December 1986. Therefore, the doctrine of *res judicata* does not apply here.

■ *Res judicata* is a judicial doctrine designed to protect litigants from the burden of retrying an identical cause of action or issue with the same party or privy and to enhance judicial economy by prohibiting repetitive litigation; *res judicata* concludes all matters which were or might have been determined and requires identity of parties, subject matter, and cause of action. (*Cranwill v. Donahue* (1981), 99 Ill. App. 3d 968, 426 N.E.2d 337.) In the instant case, although the trial court tried to determine expenses to a late date, no pleadings asked for those expenses, no evidence was heard as to those expenses, and no reference to the expenses of April through December is discernible in the judgment, and it appears that the trial court acquiesced in the foregoing of evidence for the months here at issue. The judgment was equivocal and cannot bar a later attempt to obtain those same expenses, sought in a subsequent lawsuit. In the judgment of January 26, 1987, the trial court found in favor of the plaintiff in the exact amount prayed for and shown by the evidence.

The trial court of Wabash County is reversed, and the cause is remanded for entry of judgment by the trial court in favor of Woll on his motion for summary judgment pursuant to the stipulation entered into by and between the parties.

Reversed and remanded.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.