VINCENT ZYGMUNTOWICZ, Plaintiff-Appellee, v. PEPPER CONSTRUC-
TION COMPANY, Defendant-Appellee (Merchandise Mart Properties, Inc.,
Defendant-Appellant).

First District (6th Division)   No. 1—97—4636

Opinion filed June 25, 1999.

Bruce C. Spitzer and Christopher A. Kreid, both of Metge, Spitzer &
Kreid, of Chicago, for appellant.

Kurt C. Meihofer and Steven F. Wittman, both of Johnson & Bell, Ltd., of
Chicago, for appellee Pepper Construction Company.

JUSTICE BUCKLEY delivered the opinion of the court:

Vincent Zygmuntowicz (plaintiff), brought a negligence action
against Pepper Construction Company (Pepper) and Merchandise Mart
Properties, Inc. (Merchandise Mart). Pepper filed a third-party contri-
bution action against plaintiff's employer, Metrick Electric Company
(Metrick). Pepper ultimately settled with plaintiff and then filed a mo-
tion to apportion liability between it and Merchandise Mart. The court
entered an order apportioning liability 70% to Pepper and 30% to
Merchandise Mart. Merchandise Mart now appeals from the court's

order and raises the following issues: (1) whether the trial court can apportion liability and damages for negligence between two defendants absent a pending cross-claim for contribution; (2) whether the statute of limitations on Pepper's claim for contribution has expired; (3) whether the trial court can properly allocate liability without considering the involvement of all the parties who are potentially liable in tort; (4) whether Pepper's admission that there was no evidence regarding who placed the particular mat in question at the location described by plaintiff, or who was responsible for the mat, precludes the apportionment of any liability to Merchandise Mart; and (5) whether there was an evidentiary basis supporting the apportionment of liability to Merchandise Mart. We hold that because Pepper never filed a claim for contribution against Merchandise Mart, the circuit court did not have the authority to apportion liability between the two defendants.

Plaintiff, an electrician employed by Metrick, was injured when he slipped and fell on a mat while working at the Merchandise Mart in Chicago, Illinois, on November 20, 1991. Metrick was a subcontractor of Pepper, and Pepper was the general contractor under a contract with Merchandise Mart. On November 16, 1993, plaintiff brought a negligence action against Pepper and Merchandise Mart. Count I of plaintiff's complaint asserts a cause of action in negligence against Pepper as the general contractor. Count II asserts a cause of action in negligence against Merchandise Mart as the owner.

Pepper filed its answer to plaintiff's complaint on January 4, 1994. Merchandise Mart filed its answer and affirmative defenses to the complaint on February 7, 1994. On March 13, 1995, Pepper filed a third-party complaint for contribution against Metrick, plaintiff's employer. No cross-claim was ever asserted by Pepper against Merchandise Mart.

Prior to trial, Pepper negotiated a settlement with plaintiff. Thereafter, on November 5, 1997, Pepper filed a notice of motion for apportionment of damages to be presented on November 10, 1997. Pepper's motion sought to apportion damages between itself and Merchandise Mart. Merchandise Mart filed its response on November 14, 1997. A hearing was conducted on November 17, 1997. At the hearing, the trial judge acknowledged that there was no contribution claim filed by Pepper against Merchandise Mart and that there was no precedent for the apportioning of liability. Nevertheless, the trial court apportioned liability 70% to Pepper and 30% to Merchandise Mart.

Merchandise Mart raises several issues on appeal; however, the fundamental and dispositive issue is whether the circuit court had jurisdiction to apportion liability for the damages allegedly sustained by plaintiff in the absence of a cross-claim filed by Pepper against

Merchandise Mart. We find that the circuit court did not have jurisdiction and, therefore, was without authority to apportion liability.

■ The Illinois Constitution of 1970 provides that circuit courts have "original jurisdiction of all justiciable matters" with a few limited exceptions. Ill. Const. 1970, art. VI, § 9. The filing of a complaint or petition operates to invoke the court's authority to exercise its jurisdiction. *Ligon v. Williams*, 264 Ill. App. 3d 701, 707 (1994); see also 735 ILCS 5/2—201 (West 1992) ("Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint"). The purpose of the pleadings is to frame the issue or issues for the court and set forth the relief the court is empowered to order. *Ligon*, 264 Ill. App. 3d at 707. A party cannot be afforded relief, despite the admission of evidence supporting such relief, absent a corresponding pleading, such as a cross-complaint. See *Bartsch v. Gordon N. Plumb, Inc.*, 138 Ill. App. 3d 188, 200 (1985) (where defendants' answer to complaint as well as defendants' intervening complaint did not plead assignment of rents as a setoff, trial court properly refused to adjudicate issue).

The main case relied on by Merchandise Mart to support its argument that the trial court acted without authority is *Ligon v. Williams*, 264 Ill. App. 3d 701 (1994). In *Ligon*, this court was faced with the issue of the propriety of a circuit court order transferring custody of a minor. Plaintiff mother filed a petition requesting the court to find a parent-child relationship between defendant father and her daughter and to order defendant father to pay child support. *Ligon*, 264 Ill. App. 3d at 702. After a hearing, the trial court found a parent-child relationship between defendant father and the child and, in addition, transferred custody to defendant father. *Ligon*, 264 Ill. App. 3d at 703. On appeal, this court found the order transferring custody to the father was void. In so holding, we stated:

"To hold that the trial court in a parentage proceeding may raise and determine custody issues in the absence of any pleading on the issue would not only ignore the provisions of the [Illinois] Parentage Act [of 1984 (750 ILCS 45/1 *et seq.* (West 1992)], but would unconstitutionally afford trial courts unbridled authority to issue such orders regardless of whether the parties presented them with a justiciable question." *Ligon*, 264 Ill. App. 3d at 709-10.

In a second case relied on by Merchandise Mart, *Tembrina v. Simos*, 208 Ill. App. 3d 652 (1991), the issue on appeal was the propriety of a circuit court order that struck a defendant's claim for contribution arising out of a partnership dissolution. Defendant had paid off a partnership mortgage note and sought contribution from the other partners. *Tembrina*, 208 Ill. App. 3d at 654-55. Defendant raised the

issue of contribution for the first time in a response to plaintiff's petition seeking reimbursement for payment of property taxes. *Tembrina*, 208 Ill. App. 3d at 656. At the hearing on the petition, the trial court informed defendant that the contribution issue was not properly before the court and that defendant "ha[d] to make an affirmative allegation other than in a response to a petition here for reimbursement." *Tembrina*, 208 Ill. App. 3d at 656. The trial court informed defendant that his response was not a pleading; it was not an answer, complaint, cross-complaint, countercomplaint, or affirmative defense. *Tembrina*, 208 Ill. App. 3d at 657. Later, at a different hearing, defendant attempted to again raise the issue of contribution. *Tembrina*, 208 Ill. App. 3d at 657. The trial court stated that it was not satisfied that the claim for contribution had been made in a formal pleading and refused to entertain the issue. *Tembrina*, 208 Ill. App. 3d at 657. We agreed with the trial court and held that the contribution claim was properly struck because it was never made part of a formal pleading. *Tembrina*, 208 Ill. App. 3d at 657.

■ In the case at bar, Pepper filed a third-party complaint for contribution against Metrick, plaintiff's employer, but never filed any cross-claim against Merchandise Mart. The trial court recognized this fact, but it nevertheless apportioned liability between Pepper and Merchandise Mart. This was improper. Without a formal pleading putting the question of the relative liability of the defendants at issue, the court lacked the authority to apportion liability.

We note that in its response brief, Pepper fails to address this jurisdictional issue; instead, Pepper argues that the express terms of the Joint Tortfeasor Contribution Act (Contribution Act) (740 ILCS 100/1 *et seq.* (West 1992)) "explicitly authorize" the circuit court's order. Pepper asserts that it satisfied its burden of proof under the Contribution Act and was entitled to an apportionment. Pepper cites 11 decisions as authority in support of its argument that it met its burden of proof; however, Pepper overlooks the fact that in each case there was a pleading that set forth the claim for contribution. Thus, the cases relied on by Pepper support our conclusion that the trial court acted without authority. See *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267 (1994) (counterclaim); *People v. Brockman*, 143 Ill. 2d 351 (1991) (third-party complaint); *Frazer v. A.F. Munsterman, Inc.*, 123 Ill. 2d 245 (1988) (third-party complaint); *Stephens v. McBride*, 97 Ill. 2d 515 (1983) (third-party complaint); *Skinner v. Reed-Prentice Division Package Machinery Co.*, 70 Ill. 2d 1 (1977) (third-party complaint); *First of America Trust Co. v. First Illini Bancorp, Inc.*, 289 Ill. App. 3d 276 (1997) (complaint and counterclaim); *Orejel v. York International Corp.*, 287 Ill. App. 3d 592 (1997) (counterclaims and third-party

complaints); *Patel v. Trueblood, Inc.*, 281 Ill. App. 3d 197 (1996) (third-party complaint); *Sands v. J.I. Case Co.*, 239 Ill. App. 3d 19 (1992) (third-party complaint); *Victory Memorial Hospital Ass'n v. Schmidt, Garden & Erickson*, 158 Ill. App. 3d 931 (1987) (third-party complaint); *Houser v. Witt*, 111 Ill. App. 3d 123 (1982) (counterclaim). Thus, regardless of whether Pepper met its burden of proof, absent a formal pleading filed by Pepper asserting a claim for contribution against Merchandise Mart, the trial court was without authority to enter an order finding in Pepper's favor.

Because our resolution of this issue is dispositive, we need not address the other issues raised by Merchandise Mart.

CONCLUSION

For the foregoing reasons, we hereby reverse that portion of the November 17, 1997, order of the Cook County circuit court apportioning liability 70% to Pepper and 30% to Merchandise Mart.

Reversed.

CAMPBELL, P.J., and QUINN, J., concur.