2023 IL App (1st) 220528-U

No. 1-22-0528

Filed May 25, 2023

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| REAVA KING, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| HARRIS INSURANCE SERVICES, INC., | ) | Nos.   10 L 12855 |
| | ) | 10 CH 5254 (cons.) |
| Defendant and | ) | |
| Third-party Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YUVETTA BERNARD, | ) | Honorable |
| | ) | Michael F. Otto, |
| Third-party Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Denial of a petition for relief from judgment asserting that a judgment is void for lack of subject matter jurisdiction reversed and remanded when the circuit court declined to consider the claim, incorrectly finding it untimely.

¶ 2    Yuvetta Bernard appeals from the circuit court's orders denying her petition for relief from judgment and subsequent motion for reconsideration. We reverse the orders and remand for further proceedings on Bernard's voidness claim for lack of subject matter jurisdiction.[1]

¶ 3    This litigation stems from a fire that destroyed Reava King's home in 2009. King enlisted Harris Insurance Services, Inc. (Harris) to represent her with insurers and construction companies as she rebuilt her home. In November 2010, King sued Harris, claiming the firm had misappropriated funds.[2] A few months later, Bernard entered the case as a third-party defendant. Harris alleged that Bernard, as its agent, personally handled King's insurance claims and was, liable to Harris for her actions related to the matter. Whether Harris filed a third-party complaint is at the heart of the jurisdictional issue in Bernard's petition for relief from judgment. The record currently before us fails to answer the question.

¶ 4    Bernard filed a *pro se* general appearance in the case in February 2011 and an answer in March. She continued to participate in the litigation, sometimes through counsel and sometimes *pro se*. Following Bernard's failure to comply with discovery orders, the circuit court entered a default judgment against her on January 11, 2017, in the amount of $67,101.24 plus costs.

¶ 5    On November 29, 2021, Bernard filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)) seeking to vacate the 2017 default judgment. She amended the petition in January 2022. The petition asserted that Harris never filed a third-party complaint against Bernard, never served a complaint or summons upon her, and never impleaded her as a party to King's case. Thus, she concluded the court lacked personal jurisdiction to enter discovery orders directed at her or a judgment against her. The

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

[2]King's claims were ultimately settled. She is not a party to this appeal. Other parties were named as defendants as well. They have long been dismissed from the case and we omit them from the caption.

petition further argued that the circuit court abused its discretion by entering a default judgment as a discovery sanction.

¶ 6        In a written order entered on March 1, 2022, the court denied the petition, finding that the court obtained personal jurisdiction over Bernard when she voluntarily filed her appearance in 2011. The court added that the petition's other arguments did not raise questions of voidness and "there is no basis to vacate the judgment after two years of it being entered."

¶ 7        Bernard filed a motion to reconsider on March 30. The motion conceded that the court was correct to find that Bernard subjected herself to the jurisdiction of the circuit court when she filed an appearance and answer. But Bernard maintained that the court lacked subject matter jurisdiction to enter a judgment against her and in favor of Harris when Harris never filed a complaint. She further contended that her filing of an answer did not obviate Harris's requirement to file a pleading to invoke the circuit court's subject matter jurisdiction.

¶ 8        The court entered an order denying Bernard's motion to reconsider on April 5. The order acknowledged Bernard's argument that, even if the court had jurisdiction over her, the judgment was void for lack of jurisdiction since no pleading underlying the judgment was filed. The court found, however, that Bernard's contention failed to raise "an issue of jurisdiction sufficient to permit a 2-1401 challenge more than two years after entry of [the] final order." Bernard filed a timely notice of appeal.

¶ 9        Section 2-1401 allows a litigant to petition the circuit court for relief from a final judgment more than 30 days from its entry. 735 ILCS 5/2-1401(a) (West 2016). A section 2-1401 petition is a collateral attack on the judgment, not a substitute for a direct appeal. *People v. Cathey*, 2019 IL App (1st) 153118, ¶ 21. To obtain relief from a final judgment, a petitioner must allege and show (1) a meritorious defense, (2) due diligence in presenting the defense to the circuit court, and (3)

due diligence in filing the section 2-1401 petition. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 37. Such a petition must be filed within two years of the entry of the judgment it challenges. *People v. Thompson*, 2015 IL 118151, ¶ 28; 735 ILCS 5/2-1401(c) (West 2016). A void order, however, can be attacked at any time. *Id*. ¶ 30. An allegation that a judgment is void substitutes for and relieves a petitioner from having to allege a meritorious defense or due diligence. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

¶ 10        Under Illinois law, a judgment is void in only two circumstances: (1) the judgment or order was entered without personal or subject matter jurisdiction, or (2) the judgment is based on a facially unconstitutional statute that is void *ab initio*. *Thompson*, 2015 IL 118151, ¶¶ 31-32. Only jurisdiction is at issue here.

¶ 11        Whether a judgment is void is a purely legal issue. *Walters*, 2015 IL 117783, ¶¶ 47-48. So, a circuit court's judgment on the pleadings or dismissal of a section 2-1401 petition asserting voidness is reviewed *de novo*. *Id.* ¶ 47.

¶ 12        The record establishes that the circuit court obtained personal jurisdiction over Bernard, and she concedes the issue. But Bernard argues that the circuit court lacked subject matter jurisdiction to enter a judgment against her on Harris's third-party claim since, according to Bernard, Harris never filed a pleading asserting such a claim.

¶ 13        Illinois courts have held that a judgment is void, even if evidence supported relief, if there was no pleading filed that requested such relief. *Tembrina v. Simos*, 208 Ill. App. 3d 652, 656 (1991); see also *Ottwell v. Ottwell*, 167 Ill. App. 3d 901, 908-09 (1988) (finding orders modifying child support were void for lack of subject matter jurisdiction when no petition to modify was filed); *Ligon v. Williams*, 264 Ill. App. 3d 701, 707 (1994) ("the circuit court's jurisdiction, while plenary, is not boundless, and where no justiciable issue is presented to the court through proper

pleadings, the court cannot adjudicate an issue *sua sponte*.”). So, without a pleading filed to assert a claim, the circuit court lacks subject matter jurisdiction over the claim, and, thus, the power to adjudicate it. Put differently, a filed pleading is necessary to invoke the circuit court's subject matter jurisdiction.

¶ 14        Here, Bernard asserted that Harris never filed a pleading seeking a judgment against her. Bernard's argument goes to whether the circuit court had subject matter jurisdiction to adjudicate Harris's claim and enter judgment against her. Thus, Bernard has challenged the judgment as void. Contrary to the court's April 5 finding, Bernard's petition does raise an issue of jurisdiction that can be considered later than section 2-1401's two-year limitation. A judgment may be attacked as void for lack of subject matter jurisdiction at any time. *Sarkissian*, 201 Ill. 2d at 103.

¶ 15        We find the court erred by finding Bernard's challenge untimely and reverse the April 5 order. Since the court declined to consider the merits, we remand this matter to the circuit court to consider Bernard's voidness challenge for lack of subject matter jurisdiction. We express no view on the petition's merits. Since collection proceedings appear ongoing, we direct that the mandate issue *instanter*.

¶ 16        Reversed and remanded. Mandate to issue *instanter*.